256 So.2d 664 (1972)
Richard J. DUNN
v.
PARISH OF JEFFERSON.
No. 4673.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1972.
Rehearing Denied February 7, 1972.
Writ Refused March 8, 1972.
*665 Montgomery, Barnett, Brown & Read, Stanley McDermott, Jr., and Charles A. Boggs, New Orleans, for plaintiff-appellee.
Roy L. Price, Parish Atty., James S. Arceneaux, Asst. Parish Atty., for defendant-appellant.
Before REGAN, STOULIG and BOUTALL, JJ.
STOULIG, Judge.
This is an appeal from a judgment ordering the Parish of Jefferson to reinstate a building permit issued for the placement of a house trailer, and, further, permanently enjoining the Parish of Jefferson from cancelling said permit.
The facts leading up to the present state of the dispute are as follows: Mrs. Richard J. Dunn was desirous of placing a house trailer on a lot owned by her and her husband at 10309 North Park Street in Little Farms Subdivision, Jefferson Parish, Louisiana. Under Section VII-2-K of the Jefferson Parish Comprehensive Zoning Ordinance (Ordinance No. 3813) approval of 80 percent of the property owners within 200 feet of the site on both sides of the street is required before a permit for this purpose can be issued. Mrs. Dunn, under the mistaken belief that the ordinance required the permission of 80 percent of the owners within a 200-foot radius of her property, obtained what she considered was the requisite number of signatures, including that of L. Davidson, Jr., who signed for the Jefferson Parish Recreation Department, which operated a parish-owned park known as Little Farms Playground across the street from the Dunn property. Upon the presentation of her completed petition she was informed of her error and also advised by Hugh Ford, Jefferson Parish Planning Director, that Mr. Davidson's signature was not sufficient and that the matter would have to be taken up by the Jefferson Parish Council.
Mrs. Dunn then obtained a number of signatures which, if combined with the permission of the Parish, would have satisfied the zoning requirement.
*666 In due course, the matter was taken up by the Jefferson Parish Council which unanimously passed Resolution No. 16892 which reads as follows:
"Now therefore, the Jefferson Parish Council hereby resolves:
"That the Administration of the Parish of Jefferson be and is hereby authorized to make an investigation and determine if a permit to locate a trailer as a single-family structure at 10309 N. Park Street in the J. H. Little Farms Subdivision should be issued."
Shortly thereafter, on September 17, 1970, a permit was issued to Mrs. Dunn by the Jefferson Parish Safety Department, signed by Hugh Ford who was, admittedly, acting for the Parish administration.
The Dunns proceeded to clear the property and place the trailer on it expending $656.35 in the process. Then, in a letter dated October 20, 1970, Mrs. Dunn was informed by Denis J. De Vun that the Jefferson Parish Council had "changed its mind" and the permit was revoked.
Plaintiff filed a petition asking for a mandatory injunction ordering the cancellation of the revocation of this permit and alternatively for damages.
Counsel stipulated that the rule for a preliminary injunction and a permanent injunction would be tried simultaneously, and the matter was tried on February 11, 1971. The resulting judgment ordered the reinstatement of the plaintiff's building permit and enjoined the Jefferson Parish officials from interfering with the location and occupancy of the trailer. Defendant has appealed.
After carefully considering the testimony and evidence contained in the record and the merits of the respective arguments, we find ourselves in complete agreement with the decision of the trial court. In a well-reasoned judgment it rejected defendant's contention that Resolution No. 16892 of the Jefferson Parish Council authorized only an investigation into the matter but did not empower Hugh N. Ford to authorize the issuance of the permit. We are in accord with the trial court's rejection of this argument. Nowhere in the resolution is there contained any statement which implies that the matter be referred back to the Council for a final determination. In fact, in specific language the Council authorizes an investigation and determination of the matter. In this regard the trial court in its reasons for judgment stated:
"* * * the Court feels that Mr. Ford was indeed authorized as a member of the Parish Administration under Resolution 16892 to make an investigation and determination if a permit to locate the trailer at 10309 North Park Street in Little Farms Subdivision should be issued. The Court is further of the opinion that this resolution certainly clothed Mr. Ford * * * as the Planning Director and as such a member of the Parish Administration with authority to give the Parish's consent as a property holder to the location of this trailer. Certainly, if he had the right to `determine' whether or not a permit should be issued, he had the right to give the Parish's consent as a property holder. In addition to this there has been no indication by the Parish as to who the proper party would be to sign for the Parish if it wasn't Mr. Ford. The Court therefore concludes that this permit involved in this case was validly issued by the Parish and was issued under no error of fact by them and was not the result of any misrepresentation on the part of the Plaintiff, Mr. Dunn. * * *"
Furthermore, the reasons given by Hugh Ford for the withdrawal of his consent on behalf of the Parish are contained in a letter written by him on October 16, 1970, to Jerome Sabel, chief of the Regulatory Inspection Department of Jefferson Parish, and have nothing to do with his lack of authorization by the Parish Council. In that letter he states:
"At the Council Meeting of October 15, 1970 an attorney representing the *667 property owners in the Little Farms Subdivision indicated that a law suit would be filed against the Parish of Jefferson for permitting this house trailer to be located on this lot. After discussion with the Jefferson Parish Council members and the Parish Attorney's office, it was determined that the Parish acted hastily in taking a position of no objection on this matter as the Park is not truly owned by the Parish of Jefferson but the Recreation District. Therefore, I am now withdrawing may signature from the petition of no objection which no longer consists of 80% of the property owners within 200' of this house trailer site.
"It is my suggestion that Permit No. 55299 be revoked and that any cost expended by the owners for permits be refunded. It is also my opinion that any expenses incurred by the owners due to the issuing of this permit also be refunded."
At the time of trial the Parish of Jefferson judicially admitted by stipulation of its counsel that it was in truth and in fact the owner of the property. Thus, this action negates the basis for which the permit was revoked by Mr. De Vun.
The record shows that the Dunns had expended considerable efforts and incurred relatively substantial expenses in setting up the trailer, all in good faith reliance on the permit. It is the opinion of this court that the plaintiff has acquired a vested right to the permit of which she cannot now be deprived. In this regard we note 13 Am.Jur. 2d, Buildings § 10, which was quoted by the trial court and which states:
"On the question of the revocation of a permit which has been properly obtained, there is some difference of opinion. It has been generally held that a municipal building permit or license may not arbitrarily be revoked by municipal authorities, particularly where, on the faith of it, the owner has incurred material expense. Such a permit has been declared to be more than a mere license revocable at the will of the licensor. When, in reliance thereon, work upon the building is actually commenced and liabilities are incurred for work and material, the owner acquires a vested property right to the protection of which he is entitled. * * *"
Defendant strenuously argues that under the case of Nassau Realty Co. v. City of New Orleans, 221 So.2d 327 (La.App. 4th Cir. 1969), when a building permit is unlawfully issued as a result of error or a mistake of fact or law, the governing authority which granted the permit has a right to cancel it. In the light of our finding that there was no error in fact or law, nor any misrepresentation by the applicant which induced the issuance of the permit, the principle of law enunciated in the Nassau case is not apposite to the factual situation in this matter.
Additionally, since we have held that the plaintiff has acquired a vested right, the offer of defendant to reimburse him for his expenses up to $1,200 is obviously inadequate and the injunctive relief which was granted is the only proper remedy.
In passing, we note that though it is argued the Jefferson Parish Council revoked the permit issued to the plaintiff, we find no resolution, ordinance or motion of this purported action in the record. We must, therefore, assume that none was adopted, and since the Council can only act officially by one of these methods, it follows that the issuance of the permit was never formally revoked by that governing body. However, assuming, arguendo, that such written evidence of its official action does exist, we conclude it cannot legally effect revocation of the permit for the reasons which we have previously advanced.
For the foregoing reasons, the judgment of the lower court is affirmed, cost of this appeal to be borne by appellant.
Affirmed.