BOUTALL, Judge.
Robert H. and Elenor Sue Zelenko sued the Parish of Jefferson, those officials involved in issuance of alcoholic beverage permits, and their landlord seeking an injunction to issue enjoining them from interfering with their operation as a lounge, a mandamus ordering the issuance of an alcoholic beverage permit, and damages. The trial court refused to issue injunction or mandamus, and they have appealed. The only issue before us is the propriety of the actions of the public officials in refusing to grant an alcoholic beverage permit.
It is the contention of the appellants that they had obtained the necessary permits and approval for the operation of their lounge, but that the Parish has refused to grant the permanent license. One of the requirements imposed upon the applicant for an alcoholic beverage permit by parish ordinance is that the premises cannot be within two hundred feet from any residential district measured along the nearest pedestrian walkway from the entrance to the residential district line. Ordinance No. 13658 as amended November 15, 1978. It is plaintiffs’ contention that their premises were very close to the limitation and they sought the assistance of the Regulatory Division of the Parish of Jefferson, whose employee informed them that they were only two feet short of the necessary two hundred feet and that the same could be waived dependent upon approval of the nearest residential property owner. Acting on that advice, the appellants sought and obtained a temporary permit, and began extensive remodelling of the premises so they could begin operation. Their application for the regular permit was denied by the Jefferson Parish Council, causing this suit.
As to the facts, it was stipulated that the lounge is within the prohibited distance, and other evidence shows that the distance measured- in accordance with the ordinance is actually one hundred seven feet two inches. Clearly appellants’ premises come within the prohibited distance and under the ordinance, the Parish Council was correct in denying the permit.
Appellants argue, however, that the Council is estopped from denying the permit because it had already issued a temporary permit and they, acting upon that approval, expended a considerable sum of money to begin their operation. Resolution No. 40031 granting the temporary alcoholic *830 beverage permit was conditioned upon the provision that all Parish requirements are met before the Parish Attorney sends out the permit. As noted above, the requirements were never met. This situation is entirely unlike the facts presented to the court in the case of Dunn v. Parish of Jefferson, 256 So.2d 664 (La.App. 4th Cir. 1972). That case involved a waiver of certain requirements of the comprehensive zoning ordinance before a building permit could be issued. In that case the Parish made an investigation and determined that it as a property owner could waive the requirements and the permit was granted. We held that the Parish could not withdraw its consent after the permit had been acted upon. The present case does not involve any such formal waiver, indeed it is not even shown that a waiver is possible under the terms of this ordinance. Instead the temporary permit was conditioned upon meeting all requirements. The principles announced in Dunn are not applicable here.
Appellants’ last contention is that the law is unevenly enforced, and that there are a number of premises throughout the parish which are in violation of the ordinance. We agree with the finding of the trial judge that the evidence that was furnished was insufficient to show that there was such a system of discriminate enforcement as to render the ordinance null. It is obvious from the evidence that there was considerable confusion amongst the parish officials as to how the measurement of the two hundred feet should be accomplished. We note the evidence presented us shows that in September, 1978, the ordinance was amended to show a completely different measurement. We do not comment upon the wisdom of the November, 1978, amendment in achieving the desired purpose of the ordinance. Suffice it to say that the method of measurement is clear.
There are several other issues raised such as mootness and the ability to obtain mandamus, but in view of our disposition above, we find no need to comment upon those issues.
The judgment is affirmed at appellants’ cost.
AFFIRMED.