hWALTZER, J.,
dissenting with reasons.
I respectfully dissent. The record on appeal is totally devoid of any rational basis to support the majority’s implicit conclusion that the learned trial judge abused his great discretion in refusing to grant appellant’s request for injunctive relief.
This court is well aware of the appropriate standard of review of a trial court judgment granting or refusing to grant a temporary or preliminary injunction. As we held in A to Z Paper Co., Inc. v. Carlo Ditta, Inc., 98-1417, p. 9 (La.App. 4 Cir. 9/9/98), 720 So.2d 703, 708, a trial judge has great discretion to grant or to deny the relief requested. Appellant had the burden below to convince the trial judge that the injury, loss or damage he will *578 suffer if the injunction is not issued may be irreparable; that he is entitled to the relief sought, and that he will be likely to prevail on the merits. Id. Appellant’s burden on appeal is to show that the trial judge abused his great discretion in deciding not to grant interlocutory relief. From my review of the record, I am convinced that appellant failed on both counts. In the trial court, he failed to show irreparable harm, and on appeal he failed to show _[¿manifest. abuse of discretion.
Even if I were to accept as true the chain of the City’s incompetent and inept actions as alleged by appellant, I find nothing in the record to show that appellant cannot be compensated by money damages for his all of his alleged losses in his commercial enterprise. Of at least equal significance, I find absolutely no justification on this record for penalizing the appellant’s innocent neighbors for the City’s alleged negligence by imposing on their neighborhood a non-conforming structure.
Injunction has been held to be a harsh, drastic and extraordinary remedy, and should issue only where the plaintiff is threatened with irreparable loss without an adequate remedy at law. Lafreniere Park Foundation v. Friends of Lafreniere Park, Inc., 97-152 (La.App. 5 Cir. 7/29/97), 698 So.2d 449, writ denied, 97-2196 (La.11/21/97), 703 So.2d 1312. Appellant herein makes no allegation of damage that cannot be measured monetarily, of non-monetary enjoyment envisioned by him or of the project’s satisfying some non-financial appetite. Absent a showing of “irreparable harm,” the trial judge quite properly denied injunctive relief.
It must be recalled that at the time of appellant’s purchase of the subject property, the ordinance permitting a non-conforming use on which appellant relies had expired on its face as of 7 November 1991, nearly seven years earlier. In light of this patent, apparent issue, appellant, a sophisticated investor, sought an opinion from the City Planning Commission as to the validity of the ordinance. When the Commission referred the issue to the City Attorney, no formal opinion was issued. Instead of requiring a formal opinion signed by the City Attorney, as required by law, appellant relied on an inter-office memo from an assistant in the City | sAttorney’s office stating that in her opinion the ordinance had not expired On that basis, appellant sought and obtained a building permit. Now, he would have this Court accord to this assistant’s memorandum the dignity of a formal opinion of the City Attorney. This I would not do. Counsel also would make much of the dates on which the City Council repealed the original ordinance and the Mayor signed the repeal. I do not find the repeal of the original ordinance to be relevant to the issues herein. That ordinance had expired in 1991 and no longer had any force or effect at the time of the repeal. A legislative act repealing an act that is long dead cannot revive the previous act retroactively; nor can a legislative body repeal that which no longer exists.
The negligence, vel non, of the City Attorney’s office and of the Department of Safety and Permits is not before us today. Assuming appellant’s allegations of error on the part of the assistant City Attorney and the Department to be true, he can be compensated by the City for any resulting damages after a full trial on the merits, when all relevant facts can be developed fully.
The majority builds its decision to overrule the trial court’s judgment on a foundation even more tenuous than the ephemeral “plans” for the townhouse project as they existed when appellant purchased the property. The majority concludes that the City’s action violated appellant’s constitutionally protected vested right in the building permit, thereby making a finding of irreparable harm an unnecessary prerequisite to issuance of the sought-after injunction. The majority relies on the following language from this Court’s opinion in Dunn v. Jefferson Parish, 256 So.2d 664, *579 667 (La.App. 4 Cir.), writ den. 260 La. 1137, 258 So.2d 382 (1972):
|4It has been generally held that a municipal building permit or license may not arbitrarily be revoked by municipal authorities, particularly where, on the faith of it, the owner has incurred substantial expense. Such a permit has been declared to be more than a mere license revocable at the will of the li-censor. When in reliance thereon, work upon the building is actually commenced and liabilities are incurred for work and material, the owner acquires a vested property right to the protection of which he is entitled. [Emphasis added.]
The majority is persuaded by the fact that appellant “has incurred substantial expense” (albeit with full knowledge of the questionable status of the conditional use ordinance), while ignoring the requirement that the City’s action revoking the permit must be found to have been “arbiti-ary.” Dunn applies by its own terms only to arbitrary revocation of a valid building permit or license.
In that case, the trial court in its reasons for judgment specifically found that the permit involved was issued validly by the parish, and was issued under no error of fact and was not the result of any misrepresentation by the party. Most significantly, we held in Dunn:
Defendant strenuously argues that under the case of Nassau Realty Co. v. City of New Orleans, 221 So.2d 327 (La.App. 4 Cir.1969), when a building permit is unlawfully issued as a result of error or a mistake of fact or law, the governing authority which granted the permit has a right to cancel it. In the light of our finding that there was no error in fact or law, nor any misrepresentation by the applicant which induced the issuance of the permit, the principle of law enunciated in the Nassau case is not apposite to the factual situation in this matter. [Emphasis added] 256 So.2d at 667.
I must assume this paragraph was somehow overlooked by the majority when they read Dunn. Dunn does not purport to overrule or modify Nassau Realty. | ñThe distinguishing fact is the validity of Mr. Dunn’s building permit. Where, as here, the permit was invalid ab initio, the Dunn opinion itself requires the conclusion that the. “governing authority which granted the permit has a right to cancel it.” See also, Zelenko v. Jefferson Parish, 414 So.2d 828 (La.App. 4 Cir.1982). I am convinced that under the facts of this case, the permit revocation cannot be held to have been arbitrary. Therefore, the constitutional exception to the requirement of irreparable harm is inapplicable.
Therefore, appellant has failed to show a violation of a constitutionally protected due process property right under Dunn. The Constitution quite simply does not protect a scofflaw who proceeds to incur substantial expenses in the face of what he knows to be an invalid building permit issued pursuant to an ordinance that has expired on its face.
Absent such a deprivation of a due process right, we are left with a simple claim by appellant against the City for money damages arising out of the City’s alleged negligence and ineptitude in handling the permit issue. Nothing in the record gives the appellant the right to build a structure that violates the City’s Comprehensive Zoning Ordinance. If he proves at a full trial that he relied to his detriment on the City’s various allegedly negligent actions, he may then be entitled to his monetary damages, but no more. I agree with the counsel for the neighboring property owners and residents, who are totally innocent in the premises, and who have done nothing to justify the imposition of this structure that violates their neighborhood’s RD-2 residential two-family zoning designation.