PEOPLE *v.* FACULAK.

1. CRIMINAL LAW—AMENDMENT OF STATUTES—NONSUPPORT OF WIFE AND CHILDREN.

   Where amendment to statute prescribing penalty for not supporting wife and minor children was procedural, the statute as amended applied to proceedings taken after statute became effective, notwithstanding conviction was had prior to such effective date (PA 1931, No 328, § 161, as amended by PA 1947, No 142).

2. BONDS—CASH—JUSTIFICATION.

   Where deposit of cash was accepted in lieu of justification by personal surety under bond given by defendant on probation for nonsupport of wife and minor children, the bond thereupon became a cash bond (PA 1931, No 328, § 161, as amended by PA 1947, No 142).

3. SAME—CONSIDERATION—RELEASE OF DEFENDANT.

   A sufficient consideration moved to the appellant surety when by giving a cash bond he effected the defendant's release from prison.

4. SAME—REVOCATION OF PROBATION—NONSUPPORT OF WIFE AND CHILDREN—CASH BOND.

   Revocation of probation for continued nonsupport of defendant's wife and minor children and imprisonment of defendant did not relieve him from his duty to support his wife and children; hence cash bond, given for support and not conditioned upon its being terminated in case defendant were imprisoned, was properly resorted to for payment of support ordered while defendant was in prison (CL 1948, §§ 750.161, 765.15).

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 27 Am Jur, Husband and Wife, § 455.
[1] 50 Am Jur, Statutes, § 482.

Appeal from Charlevoix; Brown (Charles L.), J. Submitted April 14, 1949. (Docket No. 77, Calendar No. 44,238.)  Decided May 18, 1949.

Vendelin Faculak was convicted of nonsupport. Charles Faculak signed a support bond as surety. Bond forfeited on petition of prosecuting attorney. Surety appeals. Affirmed.

*Gillett & Bellamy,* for appellant.

*Stephen J. Roth,* Attorney General, and *C. M. Bice,* Prosecuting Attorney, for the people.

BUTZEL, J.  On March 11, 1947, Vendelin Faculak, defendant, upon conviction of nonsupport of his wife and minor child, and after examination by and report of the probation department, was sentenced to 30 days in jail and to a period of probation for 3 years on proper support bond in the sum of $1,000 being given.  He undertook to have a bond filed with his father Charles Faculak as surety, who, instead of justifying on the bond, deposited $1,000 in cash, the amount prescribed by the court.  The condition of the bond ordered by the court was that defendant pay to the county clerk the sum of $20 per week to be turned over to defendant's wife for the support of herself and children (another minor child having been born after the commencement of the cause). After serving the 30-day term, defendant was released on the filing of the cash bond.  He, however, continued in his failure to support his wife and children.  Some time later when proceedings were brought to revoke the probation, he paid $300 and the probation was continued.  The $300 was not paid from the $1,000 on deposit with the clerk. Charles Faculak was served with a copy of all papers in these proceedings.

The delinquency of defendant, however, continued, and on October 28, 1947, the court revoked and set aside the probation order, and sentenced defendant to a prison term of not less than 1 and not more than 3 years. On January 29, 1948, the prosecuting attorney filed a petition under PA 1931, No 328, § 161 (CLS 1940, § 17115-161, Stat Ann § 28.358), as amended by PA 1947, No 142 (CL 1948, § 750.161 [Stat Ann 1947 Cum Supp § 28.358]), to collect on the cash bond. Charles Faculak was again served with all papers. The court granted the petition and ordered the clerk to pay the sum of $620 to defendant's wife for the support of herself and children, for past delinquencies and also the further sum of $20 a week during the continuance of such delinquency, all from the $1,000 cash deposited with the clerk.

Charles Faculak is the sole appellant. He concedes that $380, the amount due when the petition for forfeiture was filed should be paid from the $1,000 deposited. He, however, contends that the court erred in ordering the payment of the balance of the $1,000.

Appellant claims that inasmuch as the acts complained of occurred prior to the enactment of PA 1947, No 142, proceedings under this act were improper and resort only should have been had to PA 1931, No 328, § 161. The amendments to the 1931 act as far as applicable to this case are procedural and apply to the instant case.*

Appellant further claims that proper proceedings should have been brought against him as surety instead of the ordering of the forfeiture of the cash bond. He shows no authority of how a court can accept a bail or support bond without a justification by a personal surety. The cash was accepted in lieu of the justification and the bond thereupon became

* For changes in the 1947 act from the section of the 1931 act, see Stat Ann 1947 Cum Supp § 28.358.

a cash bond. The court ordered the disposition of the cash in accordance with CL 1929, § 17177 * (Stat Ann § 28.902). We agree with the citation of appellant's counsel as to the distinction between the rights of paid and gratuitous sureties. In the instant case there was a sufficient consideration moving to appellant when by giving a cash bond, he effected defendant's release.

Appellant further claims that the State is collecting twice, first on the bond, and second by the imprisonment of defendant; that the latter cannot support his wife and children because of his imprisonment. The cash bond was given for support. It was not conditioned upon its being terminated in case defendant because of his failure to support his wife and children should be imprisoned. The imprisonment did not relieve him from his duty to support his wife and children.

In *People* v. *Brenner,* 235 Mich 408, where defendant was convicted of bastardy, the Court said:

"The fact that he had been imprisoned did not relieve him of the obligation to pay the amount ordered by the court. It did not pay the debt. A *fieri facias* could be issued against his goods and chattels."

Also see *Minnehaha County, ex rel. Willadsen,* v. *Willadsen,* 69 SD 412 (11 NW2d 55), where the surety was held liable after the husband's death on a bond of $1,000 for the support of the husband's wife and children on the ground that there was an unconditional promise to pay in the event of the husband's default.

The order of the trial court is affirmed.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.

---

* CL 1948, § 765.15.—REPORTER.