## ROBINSON v HARRIS

Docket No. 77-1799. Submitted June 16, 1978, at Detroit.—Decided November 7, 1978.

Marjorie A. Harris, now Marjorie A. Robinson, and Lee D. Harris were divorced in Ohio in 1964 and Marjorie was awarded custody of the minor children of the marriage. Lee Harris subsequently moved to Michigan. In 1976 Marjorie Robinson brought a petition, under the Uniform Reciprocal Enforcement of Support Act, for an order requiring Lee Harris to pay child support. The Wayne Circuit Court, Michael L. Stacey, J., ordered that defendant pay child support. Defendant appeals, alleging that the children have been alienated from him by their mother and have become embittered toward him to the point that any meaningful relationship is impossible, and that because the plaintiff has thus taken all benefits of fatherhood from him he should no longer be burdened with support payments. *Held:*

The court order requiring payment of support should be upheld. The defendant's obligation to make child support payments is independent of his right to visit the children. Additionally, because the plaintiff has been receiving aid from the State of Ohio for the support of the children, the defendant is obliged to reimburse the State of Ohio under the Uniform Reciprocal Enforcement of Support Act, thus the defendant's argument that suspension of his obligation would serve to punish the plaintiff is without meaning because the State of Ohio is the real party in interest.

Affirmed.

1. DIVORCE—CHILD SUPPORT—OBLIGATION—RIGHT OF VISITATION.

A divorced parent's obligation to make child support payments

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 801, 802, 870.

59 Am Jur 2d, Parent and Child § 45.

Violation of custody or visitation provision of agreement or decree as affecting child support payment provision, and vice versa. 95 ALR2d 118.

[2] 59 Am Jur 2d, Parent and Child § 9.

pursuant to a court order is independent of his right to visit the children; therefore, a father who claims that his divorced wife has alienated the children and that it has become impossible to establish any meaningful relationship with his children, who are in the custody of their mother, is still obligated to make the support payments ordered by the court.

2. Divorce—Child Support—Statutes—Uniform Reciprocal Enforcement of Support Act.

The State of Ohio, which has made support payments to the custodial parent of the minor children of a divorced couple, is entitled to reimbursement under the Uniform Reciprocal Enforcement of Support Act from the noncustodial parent who is obliged under a Michigan court order to make child support payments to the custodial parent (MCL 780.159; MSA 25.225[9]).

*Joseph F. Chiesa,* for plaintiff.

*Gordon Knox,* for defendant.

Before: N. J. Kaufman, P.J., and Beasley and P. R. Mahinske,* JJ.

Per Curiam. This appeal arises from an order of support entered by the trial court against the defendant.

The facts indicate that over the course of years following the divorce between the defendant and the plaintiff, the children of that former union, in the custody of the mother, became increasingly embittered toward their father. Matters have now reached a state where any meaningful relationship between the father and his children is virtually impossible. The defendant claims that under such circumstances, where the plaintiff has taken from him all the benefits of fatherhood, the defendant should not be burdened with the obligations of that position. He thus objects to the entry of a court order requiring him to pay child support.

While we can understand defendant's disinclina-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion to support children with whom he cannot establish a meaningful relationship, we must reject his contention that his obligation to pay child support has been abrogated. Defendant's obligation to make child support payments is independent of his right to visit the children. See *Kane v Kane,* 241 Mich 96, 100; 216 NW 437 (1927), *Henshaw v Henshaw,* 83 Mich App 68; 268 NW2d 289 (1978), *Stevenson v Stevenson,* 74 Mich App 656, 658 n 1; 254 NW2d 337 (1977). See also *People v Faculak,* 325 Mich 56, 59, 37 NW2d 709 (1949).

Defendant has cited some cases which have held that support payments may be suspended or cancelled to punish the wrongful conduct of the custodial parent or to force compliance with court orders regarding visitations. See *Pronesti v Pronesti,* 368 Mich 453; 118 NW2d 254 (1962). Neither of these considerations is now in issue.

The custodial parent, the mother in this case, is receiving aid from the State of Ohio for the support of her minor children. Under the Uniform Reciprocal Enforcement of Support Act, adopted in both Ohio and Michigan, the State of Ohio is entitled to reimbursement from a person liable under a proper order of support where the state has itself made support payments. MCL 780.159; MSA 25.225(9). Thus, the real party in interest on the side of the plaintiff is the State of Ohio. Whatever the decision of this Court, the named plaintiff will not be affected. To speak in terms of punishing the named plaintiff for her conduct regarding the children or of forcing compliance with court orders by withholding support misses the mark.

We hold that defendant has failed to show that the trial court committed clear legal error in entering the child support order. The decision of the trial court is affirmed.