Under the Uniform Reciprocal Enforcement of Support Act (URESA), Nancy L. O'Neill sought to enforce the periodic alimony provisions of a 1977 Georgia divorce judgment which approved an agreement in that respect between her and her then husband, William W. O'Neill. By their settlement contract they expressly reserved any right which either party might have under § 30-220 of the Georgia Code or similar laws of any other state to modify alimony.
Mrs. O'Neill commenced these URESA proceedings in South Carolina, where she presently resides, and the proper documents were duly forwarded to Alabama, the responding state, where Mr. O'Neill now lives. He filed an answer and counterclaim in the district court, juvenile division, where the case was pending. His pleadings stated that he was not paying alimony to his former wife because she is continuously and openly living with her boyfriend in a meretricious relationship and Mr. O'Neill asked to be relieved from his alimony obligations on that account. Mrs. O'Neill personally filed in the district court her handwritten answer and her "counter counter claim" to his counterclaim and she denied such averments. Since the case was at issue, it was set for trial by the court and more than thirty days' notice of the trial date was given to her, but she did not appear for trial. No motion for a continuance or for a delay in the submission of the case until the ex-wife's evidence could be procured by deposition, or otherwise, was made either *Page 263 
by Mrs. O'Neill or on her behalf at any time. No reason appears in the record as to why she was absent at the trial. Mr. O'Neill's evidence was heard orally by the trial court and the case was submitted for a final judgment.
The trial court's judgment was styled "IN THE CIRCUIT COURT OF BARBOUR COUNTY," but was signed as follows:
 [s] Wm. H. Robertson
WILLIAM H. ROBERTSON DISTRICT JUDGE BARBOUR COUNTY, ALABAMA
That judgment expressly found that the court had jurisdiction over the parties, that Mrs. O'Neill is dwelling together continuously and openly in a meretricious relationship with a person of the opposite sex, and that, accordingly, Mr. O'Neill should be relieved from the obligation of paying future periodic alimony pursuant to the laws of both Georgia and Alabama. No posttrial motion was filed by Mrs. O'Neill, who immediately appealed.
She first contends that Judge Robertson, as a district judge, had no authority to enter the final judgment in the circuit court.
We deem the caption on the final judgment to be surplusage when it stated "circuit" court. The case was pending in the juvenile division of the district court where all of the pleadings were apparently filed; it was tried before the district judge; it had never been transferred to the circuit court; and it was signed and rendered by the district judge. It was a judgment of the juvenile court regardless of the erroneous court caption.
Even if the judgment be considered as a circuit court judgment it would have to be upheld. No objection was made in the trial court at any time as to the authority of the trial judge. Thus, all such objections in that connection were waived. We are required to conclusively presume that his selection or appointment was in all respects regular. The lack of authority of the judge to preside over the trial and to render the judgment cannot be raised for the first time upon this appeal. Roberts v.State, 126 Ala. 74, 28 So. 741 (1900); Haynes v. State,40 Ala. App. 106, 109 So.2d 738 (1959). Even if the judge's blanket authority or authorization to try certain type cases in the circuit court was faulty, he was a de facto judge and his acts as such were valid and unimpeachable. Riley v. Bradley, 252 Ala. 282,295, 41 So.2d 641, 652 (1949).
It is next suggested that the juvenile court was without jurisdiction over the subject matter, i.e. that it had no authority to entertain a counterclaim so as to terminate periodic alimony on the ground of cohabitation. That position would normally be true, but URESA itself discusses the duty of support in many sections. §§ 30-4-80, -81 (6), -83, -84, -88, -91 and -94, Code 1975. The latter section provides that if the court of the responding state finds a duty to support, it may order the defendant to furnish support. The duty of support is the gist and brunt of the litigation in the responding state. The converse of § 30-4-94 would also be true — if there is no duty of support, the responding state's court would not be authorized to order the defendant to provide it.
Accordingly, as to the merits of the case, we look to the law and to the evidence in order to ascertain if there was a duty upon Mr. O'Neill to provide future periodic alimony to his ex-wife under the presented circumstances. The averments of the counterclaim tracked the Georgia cohabitation statute, which permits the modification of periodic payments of permanent alimony under the circumstances so averred. § 30-220, Ga. Code Ann. Under Alabama's constitutional amendment number 390 and pursuant to § 30-2-55 of the Code of Alabama 1975, periodic alimony may be terminated when an alimony-receiving ex-spouse is "living openly or cohabiting with a member of the opposite sex." Either state's cohabitation statute is a defense to any duty to support an ex-spouse through the payment of periodic alimony. The evidence was adequate *Page 264 
to bring into effect the provisions of the statutes of both states. An ore tenus trial having been conducted before the trial court, we cannot say that there was any palpable abuse in that court's decision that Mr. O'Neill had no obligation to pay future periodic alimony to his ex-wife under the laws of both states. That finding by the trial court was equivalent to an express holding that there was no duty of support. Under URESA, § 30-4-83 of the Alabama code, duties of support arising under the law of Alabama were binding upon Mr. O'Neill, but, under Alabama's cohabitation laws, he was excused from any future alimony liability, or duty of support, to his former wife because of her cohabitation as disclosed by the evidence and as determined by the trial court.
Mr. O'Neill's counterclaim was germane to the question of the duty of support which was raised by the proceedings instituted by Mrs. O'Neill under URESA. The district court properly decided that issue.
Very conscientious counsel for Mrs. O'Neill on this appeal have filed an excellent brief on her behalf. We have dutifully reviewed the remainder of the issues raised, as to which we find no merit. We affirm.
Legitimate and hard questions and issues were raised in this appeal by Mrs. O'Neill's attorneys. She has requested that an attorneys' fee be awarded. We find no authority for the granting of such request. Section 30-2-54, Code 1975, has no application in the absence of a finding of contempt. Hartsfield v.Hartsfield, 384 So.2d 1097 (Ala.Civ.App.), cert. denied,384 So.2d 1100 (Ala. 1980). URESA contains no authority for the granting of attorneys' fees on appeal. The appellant's request for an award of attorneys' fees is denied.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.