This case involves post-divorce proceedings.
The parties were divorced on May 3, 1989. At that time the trial court awarded custody of the parties' minor child to the wife. The marital home was awarded to the husband, who was ordered to execute a promissory note to the wife and a second mortgage on the home, which secured a property settlement in favor of the wife in the amount of $25,000. The note was payable at 10% interest over 10 years, with payments due in the amount of $330.38 per month. The trial court reserved the right to award alimony in the future.
In September 1989 a hearing was held in the juvenile court, where permanent custody of the parties' minor child was transferred to the husband. On October 15, 1990, the husband filed a petition for child support from the wife. The wife raised the affirmative defense of inability to pay and counterclaimed for periodic alimony.
After an ore tenus proceeding on February 20, 1991, the trial court entered a judgment ordering the wife to pay the husband $89.07 per month as child support, pursuant to the Child Support Guidelines, Rule 32, Alabama Rules of Judicial Administration. However, the court suspended payment of child support until such time as the wife recovered the balance due under the second mortgage from the husband, who had defaulted on his payments. The husband's request for child support retroactive to his taking custody of the minor child in September 1989 was denied. The trial court also ordered the husband to pay the wife $330.38 per month as periodic alimony and prohibited the husband from petitioning for relief from these payments until all other monies owed to the wife were paid. The husband's motion for a new trial was denied. He appeals from the judgment of the trial court. We affirm in part, reverse in part, and remand.
We note here that when a trial court's judgment follows the presentation of ore tenus evidence, a presumption of correctness automatically attaches. Furthermore, issues concerning child support, the division of property, and alimony are matters committed to the sound discretion of the trial court, whose judgment will not be reversed absent a showing that it has abused its discretion or that its determination is plainly and palpably wrong. Blankenship v. Blankenship,534 So.2d 320 (Ala.Civ.App. 1988).
The husband first argues that it was an abuse of the trial court's discretion to suspend the wife's child support obligations pending her recovery of all amounts he owed to her and to refuse to award him child support retroactive to the date he received custody of the minor child. He contends that, under the facts in this case, a proper application of the Child Support Guidelines would prohibit the trial court's suspension of the wife's current support obligations and mandate an award of retroactive support payments.
The Child Support Guidelines are binding in all relevant actions filed on or after October 9, 1989, and are presumed to render the correct amount of child support. Rule 32, A.R.J.A. However, this presumption may be rebutted. If the trial court determines that the application of the guidelines would be "manifestly unjust or inequitable," a written finding to this effect, on the record, is sufficient to rebut the presumption. Rule 32(A)(ii), A.R.J.A.
This court has previously stated that a parent's ability to pay child support is a crucial factor to be considered in the determination of child support. McCluskey v. McCluskey,495 So.2d 66 (Ala.Civ.App. 1986). Where no such ability is found by the trial court, it is improper to order a parent to pay child support. See Waddy v. Waddy, 497 So.2d 169
(Ala.Civ.App. 1986). We note, moreover, that the official comments to the Child Support Guidelines state that "[t]he guidelines will provide an adequate standard [of] support for children, subjectto the ability of their parents to pay." (Emphasis added.) Thus, a parent's inability to pay child support is clearly a proper basis for deviation from the guidelines. *Page 386 
In the present case the trial court heard extensive testimony from the wife and other witnesses concerning the wife's earnings and current financial situation. The testimony revealed that she did not work outside the home during almost all of her 22 years of marriage to the husband and that she first sought outside employment following the parties' separation. She obtained her high school GED after the separation. Since the divorce she has been sporadically employed, primarily on a part-time basis in low-paying jobs. At the time of the trial, she had recently begun a new job with a salary of $3.80 per hour. She testified that she has not been making enough money to pay her bills and that it has been necessary to rely on substantial loans from her friends and her father in order to pay housing, automobile, medical, and insurance expenses. Thus, there was considerable evidence before the trial court tending to indicate that the wife is currently unable to meet child support obligations.
Based on the foregoing, it appears to this court that the trial court determined that application of the Child Support Guidelines would be manifestly unjust and inappropriate under the circumstances. However, the guidelines specifically provide that such a determination must be made in "[a] written finding on the record." Rule 32(A)(ii), A.R.J.A. The record in the instant case is devoid of such a finding. Therefore, as to this issue, we reverse and remand with instructions for the trial court either to make a written finding that application of the guidelines would be unjust or inappropriate or, alternatively, if no such finding is made, to enter an order that the wife pay child support in accordance with the ordinary application of the guidelines.
We note here that we find the trial court's denial of retroactive child support and its suspension of current support obligation to be reasonably conditioned upon the wife's recovery of amounts owed to her by the husband. As indicated above, the wife owes large amounts of money to various parties, and her financial situation is precarious. The receipt of these monies from the husband would obviously be an important step toward enabling her to support herself and meet her other obligations, including her statutory obligation to support her child. We would further note that while the Child Support Guidelines do not excuse a non-custodial parent's support obligations because of a disparity in the parents' income, the husband has a gross income in excess of $45,000 per year in his job as a foreman for a construction company; it thus appears that he is able to provide adequately for the minor child until such time as wife is also able to pay support.
The husband has also contended that the facts of the case do not support an award of periodic alimony to the wife. Because the trial court in its initial order reserved the right to award alimony in the future, it retained the power to grant alimony following the proceeding in February 1991. See Coby v.Coby, 489 So.2d 597 (Ala.Civ.App. 1986). An award of periodic alimony is within the discretion of the trial court and will not be overturned on appeal unless it is unsupported by the evidence or is otherwise palpably wrong. Hall v. Hall,445 So.2d 304 (Ala.Civ.App. 1984). In making such an award, the trial court can consider the duration of the parties' marriage, their station in life, and their probable future prospects for earnings. Farris v. Farris, 532 So.2d 1041 (Ala.Civ.App. 1988). Here, in view of the duration of the marriage and the previously discussed disparity in the parties' current incomes and earning prospects, we find the award of alimony to be supported by the evidence. Because the award is not otherwise palpably wrong, we affirm the trial court as to this issue.
We agree, however, with the husband's contention that the trial court erroneously ordered that he was prohibited from seeking modification of the alimony payments until he fully reimbursed the wife for the mortgage and other out-of-pocket expenses. It is well-settled law that an amount fixed as periodic alimony is always subject to modification upon a showing of material changed circumstances of the parties.Waltman v. Waltman, *Page 387 528 So.2d 867 (Ala.Civ.App. 1988). A court cannot require a spouse to continue meeting payments that, due to changed circumstances, have become clearly excessive. See Menton v.Menton, 405 So.2d 940 (Ala.Civ.App. 1981). When determining whether there has been a change in circumstances, the trial court is to consider the financial needs of the wife and the financial ability of the husband to respond to the wife's needs. McCalla v. McCalla, 497 So.2d 509 (Ala.Civ.App. 1986). As it is presently worded, the trial court's order prevents the husband from seeking modification of periodic alimony payments, even in the event that he suffers a serious financial reversal or becomes insolvent. We note, however, that should the husband seek modification sometime in the future, the burden will be upon him to prove that a material change in circumstances has occurred. Childress v. Childress, 378 So.2d 1147
(Ala.Civ.App. 1979).
The judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded with instructions to the trial court to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.