597 So.2d 699 (1991)
Charles Edward JOHNSON
v.
Henrietta S. JOHNSON.
2900410.
Court of Civil Appeals of Alabama.
December 20, 1991.
Opinion Extended, Rehearing Denied February 7, 1992.
*700 Eric M. Fancher, Birmingham, for appellant.
Guy Fullan of Fullan & Fullan, Birmingham, appellee.
THIGPEN, Judge.
This is a child support modification case.
The parties divorced in March 1989. Inter alia, the father was awarded custody of the two minor children of the marriage and the mother was ordered to pay child support to the father in the amount of $250 per month. In June 1990, the mother petitioned for a modification alleging a material, substantial change in circumstances which affected her income. She sought to have her child support obligation suspended or substantially reduced, and to have the father pay her attorney in the modification proceedings. The father counterclaimed seeking, inter alia, an increase in child support and an attorney's fee. After an ore tenus proceeding, the trial court entered an order finding that the mother was presently unemployed and attending law school. The trial court terminated the child support obligation of the mother and ordered each party to "pay their respective attorney." The father's post-trial motion was "granted in part" to require the mother to provide the father a transcript of her grades; otherwise, his motion was denied. The father appeals.
The dispositive issue on appeal is whether the trial court abused its discretion in terminating the child support obligation of the mother.
A presumption of correctness automatically attaches to a trial court's judgment that is based on ore tenus evidence, and that judgment will not be disturbed on appeal unless it is not supported by the evidence or it is shown to be palpably wrong. Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App.1986).
The trial court's order relies on testimony from the father when it stated, "[T]he [mother's] pursuit of a decree (sic) in law will benefit the children of the parties in the future, the Court therefore does not, at this time impute income to the [mother]." Thorough reading of the record reveals the following testimony of the father when questioned by the mother's lawyer, and from which that reliance is placed:
"Q: `Do you want your wife to go to law school, Mr. Johnson?'
"A: `She's not my wife, sir.'
"Q: `Ex-wife?'
"A: `Sir, it would only be beneficial to myself and the children if she went to law school.'
"Q: `Are you glad?'
"A: `I have no feeling whether she was in law school.'
"Q: `It would help you and the minor children?'
"A: `No, sir, it would not benefit.'
We are mindful of the presumption of correctness afforded by the canon regarding conflicting ore tenus evidence. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App.1989). Our careful and thorough review of the entire transcript and record presented on appeal discloses that this testimony from the father is the only place in which the evidence is disputed. It is the duty of the trial court to resolve conflicting ore tenus *701 evidence and render a judgment accordingly. The presumption of that judgment's correctness "may be overcome only by a showing of absence of support in the evidence or that it is unjust." Jones v. LeFlore, 421 So.2d 1287, 1288 (Ala.Civ.App.1982). Although a portion of the abovequoted transcript lends a clue to the trial court's determination, prudent reading removes any support for the trial court's conclusion.
Child support and its subsequent modifications rest soundly within the trial court's discretion, and such judgments will not be reversed absent a showing that the trial court abused its discretion. Conradi v. Conradi, 567 So.2d 364 (Ala.Civ.App.1990). Since October 9, 1989, actions concerning child support are governed by the mandatory application of Rule 32, A.R.J.A. A trial court is not obligated to follow the child support guidelines in a modification proceeding if it finds that there has not been a sufficient change in circumstances to justify a modification, or if the trial court enters a written finding on the record that application of the guidelines would be unjust or inappropriate. Rule 32, A.R.J.A.; See Stewart v. Kelley, 587 So.2d 384 (Ala.Civ.App.1991); Doyle v. Doyle, 579 So.2d 651 (Ala.Civ.App.1991); and Moore v. Moore, 575 So.2d 95 (Ala.Civ.App.1990). The requirements of Rule 32, A.R.J.A. were not followed by the trial court in this instance.
There is no written finding on the record that application of the child support guidelines would be unjust or inappropriate in this case. Indeed, there is no evidence in the record to support such a finding and rebut the presumption that "the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded." Rule 32(A), A.R.J.A. Absent such, the trial court is required to apply the child support guidelines in Rule 32, A.R.J.A.
In making determinations concerning child support, the trial court considers the present ability of the parent to pay for the present needs of the child and is not allowed to speculate on future ability or need. Morrison v. Kirkland, 567 So.2d 363 (Ala.Civ.App.1990). Modification of a prior decree for child support because of changed circumstances lies within the trial court's discretion. Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979). In considering petitions to increase child support obligations, the trial court may consider that the increased age of the child and inflation are sufficient to constitute a material change of circumstances that warrant modification. Young, supra. The noncustodial parent's ability to pay the support must also be considered. Young, supra. The ability to earn, as opposed to one's actual earnings, is the proper factor to be used by the trial court in determining whether a modification of child support is warranted. Taylor, supra.
In the instant case, there is no finding regarding whether a sufficient change in the mother's earning ability had occurred to justify her requested reduction or suspension of her child support obligation. The record is totally devoid of any evidence to indicate that she is now without the ability to pay the court-ordered child support. In contrast, the record is replete with undisputed evidence regarding the increased special needs of the children and the correlative increase in the need for financial support from their mother.
The mother's evidence and testimony was that she had voluntarily quit her employment, where she was earning approximately $26,000 annually, because she desired to pursue a law degree. The evidence in the record, including the mother's own testimony and pleadings, makes it abundantly clear that the mother deliberately chose to financially discontinue her responsibilities to her children as their non-custodial parent because she preferred to choose a new, nonessential path as a student. It is interesting to note that the mother's petition requested suspension of her child support obligation pending her graduation from law school, or alternatively, a substantial reduction in her court-ordered child support obligation. Our careful and thorough search of the record reveals no request that her obligation be terminated. *702 There is simply no evidence in the record supporting a decision to terminate the mother's obligation and ability to contribute financial support for the upbringing of her own children.
The undisputed evidence in the record, from the testimonies of both the mother and father, is that the children had grown in size since the divorce, which required larger-sized clothing, and that the mother did not even know the size clothing either of the children wore. There was undisputed evidence of the increased medical and dental needs and expenses of the children since the original child support award. The father testified that the increased dental and medical expenses were partially due to the son's vision problems, which required frequent prescription changes in his eyeglasses, that the daughter had begun psychological care, and that the father's insurance co-payments had changed for emergency care. At the time of the hearing in this case, the children were ages ten and five, and the undisputed evidence was that their needs were special and increasing and would continue to grow. The father's undisputed testimony was that he was experiencing difficulty in meeting the increasing needs of the children and that the children needed the financial support of their mother.
There is some evidence indicating that the mother's legal education may possibly, at some undetermined point in the future, provide a financial benefit for the children, because it may enhance her employment opportunities and perhaps allow her to enjoy a higher income. The trial court imposed no time limitation on the successful completion of her education and subsequent employment. The mother offers no proof that such event will ever occur, and even if it does, that the children will receive any benefits therefrom. She may someday, however, be in a better financial position to substantially contribute to the children's college education. Meanwhile, she should not be totally relieved of her responsibility to contribute to the daily ongoing needs of the children which, as the record evidence proved, are continually increasing due to inflation and the special needs of the children. Clearly, a mother may not simply choose to ignore the current and continuing financial needs of her children merely because her preference is to pursue something of her own desires. That is not to say that there are never occasions when a brief interruption in one's financial obligation to support his or her children may benefit the children. See Stewart, supra. Here, however, the uncertainty of a desired future event, many years away, simply does not warrant such interruption.
Based on the foregoing, we find that the determination of the trial court to terminate the child support obligation of the mother is plainly and palpably wrong in view of the evidence and the applicable legal principles. This case must be reversed and the cause remanded for a determination of the mother's child support obligation based on her demonstrated ability to earn, rather than her deliberate choice to have no income, and to ensure that such support obligation is in accordance with the application of Rule 32, A.R.J.A.
The mother's request for an attorney's fee in this appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
RUSSELL, J., concurs.
ROBERTSON, P.J., dissents.
ROBERTSON, Presiding Judge, dissenting.
I respectfully dissent. However, instead of terminating the mother's child support obligations, the trial court's better decision might have been to temporarily suspend the support payments pending her completion of law school, but not to exceed a time certain.

ON APPLICATION FOR REHEARING
THIGPEN, Judge.
On rehearing, the mother argues that the holding of this court "forever bars" a parent from seeking further training or education to better the quality of life. She argues that the majority holding takes *703 away her right to seek her law school degree. She again cites Thomas v. Thomas, 281 Ala. 397, 203 So.2d 118 (1967), to support her arguments.
The facts in Thomas are clearly distinguishable from the facts in the instant case. In Thomas, a husband was allowed to reduce support payments for a time certain while he completed a medical residency, which would ultimately increase his earning capacity. He had competed with approximately 700 applicants for the residency program prior to the divorce, but did not receive notification of acceptance until after the divorce. There was no mention in Thomas of any increased needs or expenses to make such reduction inappropriate in those circumstances. Thomas deferred support payments and provided for the resumption of support payments once the residency was completed.
Our concern here is whether a parent may choose to put her desire for further education before the existing and special needs of her children. The evidence in this case shows that the children's financial needs have increased since the divorce due to special medical, dental, and psychological expenses for the children that did not exist previously. These children have existing financial needs that must be met by someone. The mother has the ability to meet these existing needs. While "the prospect of improving [her] professional competence is a strong one," a parent's "obligations for support payments are factors to be considered along with other factors." Thomas at 403, 203 So.2d 118.
As noted in the opinion, there are occasions when a brief interruption, reduction, or deferral of one's support obligation may ultimately benefit the children because of increased earnings or improvement in one's ability to pay the support. Nonetheless, the law does not allow one to "shield himself from such obligation by a willful abandonment of his earning capacity in order to defeat such obligation." Thomas at 403, 203 So.2d 118. Clearly, interruptions or reductions are permitted when appropriate. Stewart, supra; Thomas, supra. The circumstances in this case, however, are inappropriate for such.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
RUSSELL, J., concurs.
ROBERTSON, P.J., dissents.