600 So.2d 1019 (1992)
STATE of Alabama ex rel. VAN BUREN COUNTY DEPARTMENT OF SOCIAL SERVICES, by Donna J. CURTIS, on behalf of Larry D'Wayne WILLIAMSON
v.
Cheri Charlene DEMPSEY.
2910057.
Court of Civil Appeals of Alabama.
April 24, 1992.
*1021 William Prendergast, Lois Brasfield and Mary E. Pons, Asst. Attys. Gen., for appellant.
J. Lee McPhearson of Utsey, McPhearson & Christopher, Butler, for appellee.
PER CURIAM.
This is a child support case.
The parties were divorced in 1977 and the mother was awarded custody of the minor son. The father was ordered to pay $30 per week child support. In 1983 the mother sent the child to live with the father in Michigan. The father did not petition the court for child support from the mother.
In September 1988 the child began receiving aid from the Van Buren County Department of Social Services (DSS) located in Michigan. This aid continued until April 1989. The child returned to Alabama in October 1989 and lived with his mother and grandmother for four months. The mother then sent him back to Michigan.
In 1990 DSS filed a petition for support against the mother in the Juvenile Court of Choctaw County, Alabama. The action was brought under the Uniform Reciprocal Enforcement of Support Act (URESA) of Alabama, codified at §§ 30-4-80 through 98, Code 1975. DSS sought reimbursement for benefits it paid to the minor child under the Michigan Aid to Families with Dependent Children program. The mother answered the claim and filed a counterclaim alleging that the father was $9,487 in arrears for child support due pursuant to the divorce decree.
After a hearing on the petition, the juvenile court issued an order establishing the mother's duty to pay child support. The court further found that the father was $9,000 in arrears and that the mother was entitled to set off this amount against any repayment she might owe to the father, through the state of Michigan, for the eight years that the father had physical custody of the child. This decision was then appealed to the Circuit Court of Choctaw County.
After taking evidence ore tenus, the circuit court entered an order requiring the mother to pay $200 per month child support, beginning in October 1991. However, the court ordered the mother to repay only a portion of the funds that were owed to Michigan. The court found that the father was $21,480 in arrears for child support due under the divorce decree, and entered judgment against him in that amount. DSS appeals.
The first issue on appeal is whether the trial court properly awarded less than was due to the state of Michigan for funds it spent for the child's welfare.
At trial DSS presented evidence to show that the state of Michigan disbursed $3,904 in aid to the child. However, the trial court found that DSS was "negligent" in continuing to furnish the child with funds during 1988-1989, instead of filing a petition against the mother for child support soon after the child began receiving state aid. Based on this "negligence," the trial court found that the state of Michigan through DSS was entitled to only $2,600, the amount that the mother would have been *1022 required to pay if DSS had filed a petition against her for child support in November 1988.
Under URESA, any state that furnishes support to a child has the right to seek reimbursement from a parent and to establish the parent's duty to pay child support in the future. § 30-4-85. The Alabama courts may enforce the duty of parents in this state to pay support for their minor children residing in foreign jurisdictions. § 30-4-84; O'Neill v. O'Neill, 420 So.2d 261 (Ala.Civ.App.), aff'd, 420 So.2d 264 (Ala.1982). If the trial court finds that a parent in Alabama has the duty to support a child residing in a foreign state, "it may order the [parent] to furnish support or reimbursement" for the support that has been provided from the foreign state. § 30-4-94 (emphasis added). The mother argues that because the word "may" is used in the statute the trial court may limit the amount of reimbursement that a parent must pay to a foreign state for child support it has expended.
The statute does give the court discretion to determine whether reimbursement to a foreign state is appropriate, according to the circumstances of the URESA case and the parent's ability to pay. However, the trial court may not arbitrarily limit repayment to a foreign state, once it determines that the parent has a duty to support the child. To do so would frustrate the very purpose of URESA, which is to fully enforce the obligation of support once it is established. O'Hara v. Floyd, 47 Ala.App. 619, 259 So.2d 673 (Ala.Civ.App.1972).
Alabama law does place certain limits on the amount that a state welfare agency may collect as recompense for child support it provides. Under § 38-10-6 the agency may recover only the amount of support that a parent is already required to pay pursuant to a divorce decree or other legal agreement. This rule has been applied in URESA cases, because an order of support issued under URESA may not supersede a parent's preexisting duty of support under a divorce decree. Willis v. Levesque, 402 So.2d 1003 (Ala.Civ.App.1981). However, if the parent has no prior duty to pay support under a decree or agreement, the state agency is entitled to the full amount due as reimbursement for the support it provided to the child, if the parent has the ability to pay. § 38-10-6. See Johns v. Johns, 500 So.2d 1160 (Ala.Civ. App.1986).
The record shows that the mother had no duty under the divorce decree to provide child support for the minor son; thus, the amount of repayment due to DSS is not limited by § 38-10-6. Moreover, the trial court's finding of "negligence" on the part of DSS is simply without basis in the laws of this state. There is no statutory timetable for a state welfare agency to follow in seeking to establish a parent's duty to support. The court's limit on the amount of repayment due to DSS is unsupported by law or the evidence and, therefore, amounts to an abuse of discretion. Its judgment on this issue is due to be reversed.
The next issue raised is whether the court erred in failing to set the amount of monthly child support due from the mother in accordance with the child support guidelines, Rule 32, Alabama Rules of Judicial Administration.
A trial court is not obligated to follow the child support guidelines if it enters a written finding on the record that application of the guidelines would be unjust or inappropriate. Stewart v. Kelley, 587 So.2d 384 (Ala.Civ.App.1991). In this case, the trial court did make certain findings concerning the mother's ability to pay the amount of child support required by the guidelines, and thereby determined that application of the guidelines would be manifestly unjust and inequitable. Accordingly, the trial court did not err in failing to apply the guidelines. Stewart.
The last issue presented is whether the mother could properly bring a counterclaim for arrearage against the father in this URESA action.
The primary issue to be determined by the juvenile court in a URESA action is whether the defendant has an *1023 obligation of support. O'Neill. The juvenile court is not authorized by statute to determine issues arising from the divorce decree unless they are determinative of the defendant's duty of support. A URESA action is not brought to modify, overcome, or replace an order of child support in a divorce decree. Willis. These modifications should be effected by filing a petition for modification under the circuit court's continuing jurisdiction over the divorce decree. A URESA action is not a substitute for such a petition or for any remedy already available to enforce the divorce decree. § 30-4-98.
The petitioning parent who brings a URESA action is often in severe financial straits, which makes it difficult or impossible to secure private counsel. Accordingly, the foreign state may represent the parent in the petition. See Fox, The Uniform Reciprocal Enforcement of Support Act, 4 Fam.L.Rep. (BNA) 4017 (1978). However, the URESA statutes do not authorize the foreign state to defend the petitioning parent on counterclaims which arise from the divorce decree. In many instances, the foreign state initiates the action in the name of the petitioning parent in order to recover funds the state has expended for the support of the child. Fox, supra. In such cases, the parent then assigns to the foreign state the child's right to support from the defendant. See § 38-10-4, Code 1975. When the foreign state possesses the substantive right to recover the child support in the URESA action, it becomes the real party in interest. See generally Frazer v. Alabama State Policeman's Ass'n, 346 So.2d 959 (Ala.1977) (the real party in interest possesses the substantive right asserted under the applicable law). See also Robinson v. Harris, 87 Mich.App. 69, 273 N.W.2d 108 (1978). The petitioning parent usually does not appear in the URESA proceeding, nor does he retain private counsel. Fox, supra.
In this case DSS filed the URESA petition to exercise its right to reimbursement for public assistance it paid to the child and to establish the mother's duty to pay future child support so that further state aid would not be required. It thus appears that the state of Michigan was the real party in interest in this case. The issue of the father's arrearage had no bearing on the issue brought in the URESA petition; it is a separate matter requiring proof of unrelated facts. The father did not appear at the proceeding and was not represented by the state on the issue of arrearage. There is nothing in the record to show that he even received personal notice of the counterclaim. Under Rule 5, Alabama Rules of Civil Procedure, every pleading subsequent to the original complaint shall be served upon each of the parties. Without such service, the court has no jurisdiction to enter judgment. Richardson v. Arrington, 431 So.2d 1301 (Ala.Civ.App.1983).
We are mindful of Ashwood v. Ashwood, 371 So.2d 924 (Ala.Civ.App.1979), wherein we indicated that a defendant in a URESA action may bring a counterclaim on such unrelated issues as child support. However, the holding in that case was specific to its facts. There, a mother residing in Pennsylvania brought a URESA petition to enforce the father's duty of child support. The mother was receiving public assistance from the state of Pennsylvania and was represented by that state in the petition. The father filed a counterclaim, seeking custody of the children. The mother did not receive notice of this counterclaim and was not represented at trial on the issue of custody. The circuit court awarded custody of the child to the father, but voided the order upon the mother's motion to set aside the judgment for lack of notice. The counterclaim was retried along with the URESA petition in circuit court after the mother was given proper notice and retained counsel. The father was awarded custody and the mother appealed.
On appeal, we found that the circuit court lacked subject matter jurisdiction over the URESA petition because such jurisdiction is vested by statute in the juvenile court only. However, the circuit court did have continuing jurisdiction under the divorce decree to modify child custody. The mother had proper notice of the counterclaim *1024 to modify custody and was present at the proceeding, represented by counsel. In view of this unusual procedural posture, we held that the court could exercise its jurisdiction under the divorce decree over the counterclaim.
We emphasize that the hearing in Ashwood was not a proper URESA proceeding; the court's jurisdiction to determine the custody issue was derived from the divorce decree, not from URESA. Our opinion in Ashwood is not precedent for allowing counterclaims by defendants in a URESA action when the counterclaim is unrelated to the issue of the defendant's duty of support and where the foreign state is the real party in interest. Such counterclaims improperly expand the limited jurisdiction given to the juvenile court in URESA actions and force the foreign state to act as a private lawyer to litigate matters that are irrelevant to the primary issue. There is ample agreement in other states on this point. Thibadeau v. Thibadeau, 133 Ga.App. 154, 210 S.E.2d 340 (1974); Rondy v. Rondy, 13 Ohio App.3d 19, 468 N.E.2d 81 (1983); Poirrier v. Jones, 781 P.2d 531 (Wyo.1989). Even where a counterclaim is properly brought in a URESA action, the requirements of notice under Rule 5 must be observed.
The counterclaim in this case was not determinative of the mother's duty to support the child and was brought without proper notice to the father. For these reasons, we find that the trial court lacked subject matter jurisdiction over the mother's counterclaim. Consequently, its judgment of arrearage against the father is void. Payne v. Department of Indus. Relations, 423 So.2d 231 (Ala.Civ.App.1982).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Judges concur.