ROBERTSON, Presiding Judge.
Donald R. Looney (husband) and Virginia Marie Looney (wife) were divorced in January 1991, and the trial court, following an ore tenus proceeding, ordered the husband, inter alia, to pay the wife $2,000 per month as alimony, to maintain medical insurance on the wife, and to maintain certain life insurance naming the wife as beneficiary.
On January 29, 1992, the husband filed a petition to modify, alleging that there had been a material and substantial change in circumstances since the divorce, because the husband claimed to have “suffered severe financial setbacks in his business, True Dimensions, Inc., and cannot maintain the level of alimony ordered, ... pay the premiums on such medical insurance and life insurance ordered to be paid, ... and be able to meet even the most basic of his own needs.” The husband requested that the trial court reduce or terminate periodic alimony and reduce or terminate his obligation to maintain medical and life insurance.
The wife filed a counterclaim, which requested, inter alia, that the trial court modify the original divorce decree by increasing the amount of alimony and ordering the husband to pay all medical expenses not covered by insurance, including medicine.
Following an ore tenus proceeding on July 29, 1992, the trial court entered an order, finding that the husband continued to operate the family business, True Dimensions Inc., and that the sales generated from the *644 business had “dramatically decreased apparently because of the economic situation.” The trial court further found the following:
“[I]t appears economically impossible at the present time for True Dimensions to obtain group medical insurance that would cover the parties comparable to the coverage [the parties] had at the time of the divorce.
“It is also apparent that the [husband’s] income has substantially decreased since the divorce from approximately $100,000 in 1988 to $13,000 in 1991. Through the first six months of 1992, the [husband’s] gross income appears to be approximately $15,-600.”
The trial court, therefore, modified the original divorce decree as follows:
“1. [T]he monthly alimony payment paid by the [husband] to the [wife] [shall] be decreased from $2,000 per month to $500 per month....
“2. [T]he [husband] shall continue to maintain medical insurance which he presently has on the [wife] and that upon his company becoming financially able to obtain group medical insurance comparable to that held at the time of the divorce, the [husband] shall provide that coverage to the [wife].”
The wife’s postjudgment motion was denied, and she appeals. The wife contends that there was not a sufficient change in circumstances since the divorce to warrant a change in periodic alimony; that the trial court erred in failing to order the husband to reimburse the wife for medical expenses; that seventeen months from the time of the divorce to the hearing on the modification petition was insufficient time to consider a modification of the divorce decree; and that the trial court committed an abuse of discretion.
Initially, we note that the trial judge who heard and ruled on this modification petition was the same trial judge who heard the contested divorce proceeding and entered the initial divorce judgment, setting the award of alimony at $2,000 per month.
It is well settled that the trial court’s judgment regarding the modification of periodic alimony, following the presentation of ore tenus evidence, is presumed correct and will not be reversed on appeal unless it is unsupported by the evidence or is plainly and palpably wrong. Stewart v. Kelley, 587 So.2d 384 (Ala.Civ.App.1991). Also, “[a] court cannot require a spouse to continue meeting payments that, due to changed circumstances, have become clearly excessive.” Id. at 387.
The record reflects that the parties had no biological children, but that they were foster parents to two children, who were ages 15 and 18 at the time of the divorce. At the time of the modification hearing, one of the children was living with the husband. The husband was employed by True Dimensions, Incorporated, a company which he had operated for 20 years. He testified that he was presently drawing a salary of $300 per week from the company, but that at the time of the divorce he was drawing $1,000 per week. The husband testified that there had been a drastic change in his business due to the economy. He testified that he owns 60% of the stock in True Dimensions, while the wife owns the remaining 40% of the stock. He also testified that he was unable to meet the obligations of the divorce decree under the present financial conditions of the company. He testified that he currently maintains a life insurance policy on his life, as required by the divorce decree, and that he pays $200 per month in premiums for a $350,000 policy. He testified that the group policy obtained through True Dimensions was canceled because the company fell below the required number of employees to qualify for group coverage; therefore, he took out another policy on the wife, but there had not been a break in the wife’s medical insurance coverage.
The wife’s testimony revealed that since the divorce, she purchased another home for $78,500, for which she paid $20,000 as a down payment, and that she spent approximately $25,000 for work done on the new house. She testified that no one lived in that house and that she had made no attempt to rent the house due to the work being done on the house. The wife also testified that she put the marital residence, which was awarded to *645 her in the .divorce decree, up for sale for $239,000 and that there was no indebtedness owed on the house. At the time of trial, she had $21,000 in savings and approximately $1,000 in her checking account.
Blain Taylor, an accountant for the company for approximately 17 years, testified that sales for True Dimensions were down, that at the time of the divorce the company had five or six employees, and that at the time of trial it had two employees.
In view of the totality of the circumstances, we cannot hold that the trial court’s modification of the periodic alimony was unsupported by the evidence or that it was plainly or palpably wrong. Also, we cannot hold that the trial court committed an abuse of discretion for failing to order the husband to reimburse the wife for medical expenses. The record reflects that the husband has, at all times since the divorce, maintained medical insurance on the wife, albeit not the same coverage because of the loss of the group coverage. Finally, the wife’s contention that seventeen months between the time of the divorce and the modification hearing was insufficient time to consider a modification of the divorce decree is without merit under the circumstances of this case. The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ, concur.