YATES, Judge.
The parties were divorced in July 1991. An agreement, incorporated into the final *237 divorce judgment, provided that the husband would, among other things: assume any debt incurred during the marriage; provide medical and life insurance for the wife’s benefit; and pay to the wife $500 per month as periodic alimony, until her death or remarriage.
During the next two years, numerous petitions and counterpetitions were filed and orders entered. In August 1993, the husband petitioned to modify the divorce judgment, contending that there had been a material change in circumstances and requesting the court to reduce his alimony obligation. In November 1993, the wife counterpetitioned for a rule nisi, seeking a finding of contempt against the husband for his alleged failure to provide insurance and to pay alimony, attorney fees, and the marital debts, as previously ordered. After an ore tenus proceeding, the trial court granted the husband’s petition, relieving him of his obligation to provide insurance and reducing the periodic alimony to $350 per month. The wife appeals.
The sole issue on appeal is whether the trial court erred in granting the husband’s petition to modify.
It is well settled that the trial court’s judgment regarding the modification of periodic alimony, following the presentation of ore tenus evidence, is presumed correct and will not be reversed on appeal unless it is unsupported by the evidence or is plainly and palpably wrong. Stewart v. Kelley, 587 So.2d 384 (Ala.Civ.App.1991). Also, “A court cannot require a spouse to continue meeting payments that, due to changed circumstances, have become clearly excessive.” Id. at 387.
The trial court’s order noted that this case is a “tragic situation.” The parties were married 33 years. At the time of the hearing, the husband was 71 years old and unemployed. His monthly income of $893.55 is comprised of Social Security benefits, a veteran’s pension, and “$26.55 from Fruehauf [Trailer Company].” The husband testified that his monthly expenses total $806, which includes a $300 alimony payment that he said he has paid for the past nine months. He further testified that he lives with his mother rent-free and that she provides the groceries.
He stated that he could not afford to live on his own; that he has $900 in a checking account; that he owns no savings account, C.D.’s, or stocks and bonds; and that his 1985 automobile is his most valuable asset.
The husband also testified that he had pleaded guilty to a charge of criminal nonsupport for the period of June 1992 through June 1993, and that his mother paid the court-ordered $6,000 to get him out of jail. He stated that he has been in arrears since 1991 and that as of the time of the hearing he owed the wife approximately $8,724, including interest.
The wife testified that she is 56 years old, that she has a seventh-grade education, and that she is unable to work because of medical problems. She was employed as a nurse’s aide for 30 years, but she has not been employed since 1987, when she tested positive for tuberculosis. Her only source of income is the $300 alimony payment. Her nephew lives with her temporarily, and he has supplied the groceries. She testified that her monthly expenses are $276, excluding food and clothing. She fives in a mobile home that was purchased by her mother-in-law.
In reaching its determination, the trial court made the following finding:
“1. ... While the [divorce judgment] provides for the payment of [$500] per month periodic alimony, there are simply insufficient funds in this case for both parties to adequately support themselves and for that provision of the final [judgment] to remain in full force and effect.
“2. The [husband] is [71] years old but testified that he has no particular health problems other than with his sinuses. The Court notes that he resigned his job in September 1991, and filed a petition to modify the next month. That petition was denied. Again, the [husband] resigned his job—last working on August 10, 1993. Ten days later, he filed this petition to modify.... [H]e resigned having been advised by his lawyer to ‘not work because of legal problems involving his divorce from his wife.’ The Court is greatly disturbed by this evidence. But, the Court *238 cannot ignore the other financial and personal aspects of this matter.”
The trial court relieved the husband of his obligation to provide the wife with insurance, noting the absence of any proof that he had the ability to provide such insurance. Further, the court reduced the periodic alimony, but it specifically noted that, because of the “evidence concerning the reason for the [husband’s] resigning his job,” the reduction was not retroactive. The trial court ordered the husband to pay $1250 of the wife’s attorney fees relating to this modification proceeding, and it awarded to the wife two judgments against the husband: $7925, plus accrued interest, for unpaid periodic alimony; and $500, together with interest, for unpaid previously ordered attorney fees.
In view of the totality of the circumstances, we cannot hold that the trial court’s judgment was not supported by the evidence or that it was plainly or palpably wrong. The wife’s request for an attorney fee on appeal is granted in the amount of $500; the husband’s request for an attorney fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.