RICHARD L. HOLMES, Retired Appellate Judge.
Gerald Robinson filed a complaint, alleging trespass by Austin Todd. Robinson sought a permanent injunction and monetary damages.
After a non-jury trial, the trial court denied Robinson’s claim for trespass. The trial court determined that Amick Lane was a public road. The trial court also determined that because the portion of Robinson’s property that was located to the south of Amick Lane had become part of the public easement, there was no trespass by Todd.
Robinson filed a motion for a new trial, which was denied.
Robinson appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
*987 Robinson contends that Amick Lane is a private road. Robinson also contends that Todd is guilty of trespass because a portion of the area where Todd constructed his driveway to intersect with Amick Lane on the south side of the road is actually Robinson’s property. Robinson maintains that the trial court abused its discretion and that its order is contrary to the law and the evidence.
The law is clear that when a trial court, sitting without a jury, enters a judgment after hearing the testimony and reviewing the evidence, such judgment will be affirmed on appeal if there is credible evidence to support the judgment and if the judgment is not palpably wrong or manifestly unjust. City of Bridgeport v. Citizens Action Committee, 571 So.2d 1089 (Ala.1990).
We have reviewed the record on appeal. Suffice it to say that there was conflicting evidence presented in this case. However, it was the responsibility of the trial judge to listen to the evidence presented ore tenus, to resolve the conflicts in this evidence, and to enter a judgment. Johnson v. Johnson, 597 So.2d 699 (Ala.Civ.App.1991).
Our review of the record reveals the following: Robinson testified that he had lived on Amick Lane for approximately 30 years. He admitted that people have been travelling up and down Amick Lane during the entire time that he has lived there. Robinson indicated that he has not objected to this and does not intend to stop anyone from travel-ling Amick Lane now.
David Winslett, an employee of the county’s transportation department, testified that he had worked for the county for approximately 30 years and that the county has maintained Amick Lane since he has worked for the county. Winslett indicated that the county’s maintenance included trimming the bushes back to the fence on the south side of the road and trimming the grass.
William Carl Hogan, a retired employee of the county’s transportation department, testified that from 1961 to 1963, he operated a road machine for the county and that the maintenance of Amick Lane, which was a dirt road at the time, was one of his responsibilities. He indicated that the county maintained the roadbed, as well as a ditch on the north side, and that a road crew would have been responsible for trimming the bushes. Hogan also testified that the county was responsible for paving Amick Lane.
It is undisputed that the county paved Amick Lane and installed a culvert.
In view of the above, the trial court’s actions were not palpably wrong or manifestly unjust. Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.