This is an appeal by Waste Disposal, Inc. (Waste Disposal), from a judgment of the Circuit Court of Jackson County which denied Waste Disposal's petition for a writ of mandamus and enjoined Waste Disposal from collecting and disposing of solid waste in Jackson County.
Two issues are dispositive of this appeal:
 1. Did the trial court err in enjoining Waste Disposal from collecting and disposing of solid waste in Jackson County?
 2. Did the trial court err in denying Waste Disposal's petition for a writ of mandamus?
We answer both questions in the negative and affirm the judgment of the trial court.
The facts are as follows:
On February 4, 1980, the Jackson County Board of Health adopted "Regulations to Govern the Storage, Collection, Transfer, and Disposal of Solid Waste" (the Regulations) *Page 1257 
under the authority of Code 1975, § 22-27-1, et seq. On June 30, 1980, the Jackson County Commission entered into a written contract with R.D. Hicks (Hicks), which gave Hicks "the sole and exclusive right to collect garbage and domestic rubbish within Jackson County and outside the corporate limits of any municipality" until July 1, 1983. Nevertheless, on September 2, 1980, the Board of Health issued Waste Disposal a permit to collect solid waste, effective until August 31, 1981. Immediately prior to the expiration of its permit, Waste Disposal applied for a renewal of its permit and it was denied. The Board of Health denied the permit on the grounds that Waste Disposal had not complied with the following provisions of the Regulations: (1) to secure a license from the County Commission, (2) to post a performance bond with the County Commission, (3) to provide evidence that it was using an approved disposal site, (4) to submit its vehicles for inspection. When Waste Disposal attempted to obtain a license from the County Commission, it refused to issue one because of the County's exclusive contract with Hicks. However, the County Commission did not set an amount for a license fee or a performance bond during the period when Waste Disposal either held a permit or was applying for a renewal. After one of Waste Disposal's customers in Jackson County obtained a certificate of exception from the Board of Health, the Board of Health inspected Waste Disposal's equipment. The Board of Health then requested Waste Disposal to provide evidence that it was using an approved disposal site; this Waste Disposal did. But, Waste Disposal continued to collect and dispose of solid waste in Jackson County after the expiration of its permit on August 31, 1981, until Benny Green, president of Waste Disposal, was arrested in September 1981 for collecting waste without a permit.
On October 13, 1981, Waste Disposal filed a petition for a writ of mandamus to compel Garland Stewart and Lyle Haas, as agents of the Board of Health, and the Board of Health to issue it a permit to collect and dispose of solid waste in Jackson County. On November 4, 1981, the Jackson County Commission filed a complaint in intervention requesting the Court to enjoin Waste Disposal from collecting and disposing of solid waste in Jackson County. In its final decree, the trial court found that the Jackson County Commission had the authority to assign the entire territory of Jackson County outside the corporate limits of any municipality to Hicks and that Waste Disposal had failed to comply with applicable rules, regulations, and laws. The trial court denied Waste Disposal's petition for a writ of mandamus and granted the County Commission's prayer for injunctive relief.
Waste Disposal contends that the trial court erred in enjoining it from collecting and disposing of solid waste in Jackson County. It gave as its reasons the following: one, the Solid Wastes Disposal Act, Code 1975, § 22-27-1, et seq., was intended to establish waste disposal systems for residential waste, not industrial and business waste; two, the county's exclusive contract with Hicks "to collect garbage and domestic rubbish" does not include industrial waste, which Waste Disposal proposes to collect. We find both of these contentions to be without merit.
First, § 22-27-2 (1) defines "solid waste" as:
 All putrescible and nonputrescible discarded materials, except household sewage and livestock and poultry wastes, including, but not limited to, garbage, rubbish, ashes, street and highway cleanings, dead animals, including offal, abandoned automobiles and such industrial wastes as are not controlled by other agencies.
It is clear from the above language that the definition of solid waste encompasses industrial as well as residential waste. Therefore, the numerous references to solid waste throughout the statute implicitly, if not directly, refer to industrial as well as residential waste. Second, the trial court found that the solid waste which Waste Disposal proposes to collect under a permit included such a significant amount of garbage and *Page 1258 
rubbish that it, in fact, constituted garbage and rubbish as defined by the Regulations. Our review of the record convinces us that the trial court had before it sufficient evidence to support such a finding. This finding and the decree based thereon are entitled to a presumption of correctness which may be overturned only if plainly or palpably erroneous. Kwick SetComponents, Inc. v. Davidson Industries, Inc., 411 So.2d 134
(Ala. 1982).
In addition, Waste Disposal contends that the County Commission does not have the authority to award exclusive contracts for the collection of all solid waste. However, Code 1975, § 22-27-5 (b), states in pertinent part: "Governing bodies [County Commissions] may assign territories, approve or disapprove disposal sites, with the concurrence of the health department and shall collect annual license fees from such firms and set rate schedules if a service fee is charged." Since the statute expressly gives the County Commissions the authority to assign territories, we opine that the County Commission may assign its entire territory to one contractor for the collection of garbage. Here, the County Commission has done precisely that by awarding Hicks an exclusive contract to collect garbage and rubbish outside the corporate limits of any municipality in Jackson County. Moreover, this Court has recently upheld the assignment of an exclusive contract very similar to the one in this case in Franklin Solid WasteServices v. Jones, 354 So.2d 4 (Ala. 1977).
Even though its permit had expired and had not been renewed, Waste Disposal continued to collect and dispose of solid waste in Jackson County. Section 13 (B) of the Regulations states:
 It shall be unlawful for any collector to engage in the business of solid waste collection, storage, transportation and disposal without having applied for and obtained from the County Health Officer a permit based on satisfactory compliance with the Jackson County Board of Health "Regulations to Govern the Storage, Collection, Transfer, and Disposal of Solid Waste". This permit shall be revocable for failure to comply with these regulations and the requirements of Act No. 771 of the Regular Session of the 1969 Alabama Legislature and any other applicable statutes, ordinances or regulations.
Since Waste Disposal was violating § 13 (B), we hold that the trial court properly enjoined Waste Disposal from collecting and disposing of solid waste in Jackson County.
We now turn to the propriety of the trial court's failure to grant Waste Disposal's petition for a writ of mandamus. This court has held that mandamus is not appropriate when the official's duty to perform rests within his discretion or judgment, unless the official exercises his discretion arbitrarily and capriciously. See Limbaugh v. Johnston,393 So.2d 963 (Ala. 1981), and McDowell-Purcell, Inc. v. Bass,370 So.2d 942 (Ala. 1979). Waste Disposal contends that the Board of Health exercised its discretion arbitrarily and capriciously in this case. Here, the Board of Health refused to grant Waste Disposal a renewal of its permit because Waste Disposal had not complied with the following requirements of the regulations: (1) to secure a license; (2) to post a performance bond; (3) to provide evidence that it was using an approved disposal site; (4) to submit its vehicles for inspection. Waste Disposal contends that the Board of Health's refusal to renew its permit on these grounds was arbitrary and capricious, since the county commission had not set a fee for the license or performance bond; Waste Disposal further argues that it immediately complied with the Board of Health's request to provide evidence that it was using an approved disposal site and to submit its vehicles for inspection. Although the Board of Health's actions were certainly indirect, we are unable to conclude that its actions were arbitrary or capricious. In State Department ofPensions and Security v. Whitney, 359 So.2d 810, 812
(Ala.Civ.App. 1978), the court stated: "[A] determination by an administrative agency is not `arbitrary' or `unreasonable' where there is a reasonable justification for its decision. . . ." We opine that the Board of Health's *Page 1259 
action in this case was reasonable and justified since there is no proof that the Board of Health was actuated by any motives other than the public interest and the protection of the county's exclusive contract with Hicks.
Waste Disposal argues that it is entitled to mandamus because it made substantial expenditures of money to improve its ability to perform services during the period it had a permit. We are aware of cases which require the issuance of permits where an entity made substantial expenditure in reliance on officials' assurances that a permit would be granted. SeeAndover Development Corp. v. City of New Smyrna Beach,328 So.2d 231 (Fla.Dist.Ct.App. 1965), and Dunn v. Parish ofJefferson, 256 So.2d 664 (La. 1972). However, that is not the case here. We find no cases giving an entity a vested right in the renewal of a permit where such entity made expendituresduring the period when its permit was effective.
Under the facts of this case, the trial court did not err in denying Waste Disposal's petition for a writ of mandamus. Therefore, the judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.