This is a suit for declaratory judgment. The trial court entered judgment for the plaintiff. The defendant appeals. We affirm in part and reverse in part and remand.
Capital City Asphalt Company, Inc. (Capital City), filed a complaint for declaratory judgment seeking an injunction and a declaration of rights to keep Clardy from interfering with Capital City's removal of its machinery, equipment, and materials from certain land used for sand and gravel mining which was subleased by Clardy to Capital City. The injunction was granted on December 21, 1976, conditioned upon Capital City's paying to Clardy the sum of $6,250 as minimum royalties (rental) for the period from August 1976 through December 1976. The money was paid; and all machinery, equipment, and materials were removed from said land by Capital City, except a pile of merchantable sand, the direct cost of which to Capital City was $15,847.50. The trial court also ruled that if the materials, equipment, and machinery were not removed from said land by January 21, 1977, Capital City would owe Clardy a pro rata portion of $1,250 per month until such equipment, machinery, and materials were removed. No appeal was taken from this. The remaining issues were (1) the obligations and duties of Capital City under the lease relating to reclamation; (2) the amount of damages, if any, for Clardy's alleged removal of materials belonging to Capital City; and (3), under a counterclaim, the amount of damages, if any, owed by Capital City to Clardy and the intervenors (owners of the land) for breach and violation of the lease between Clardy and Capital City. These issues were tried by the court without a jury on May 28-29, 1980, the evidence being presented ore tenus. On July 6, 1984, the trial court ordered that Capital City be permitted entry upon the leased premises for the purpose of doing reclamation. The trial court ordered Clardy to pay Capital City damages of $15,847.50, interest, and costs; and found in Capital City's favor on the counterclaim filed by Clardy and certain intervenors. Only Clardy appeals.
The issues presented for review are:
 1. Did the trial court misapply the law to uncontroverted facts which establish as a matter of law that Clardy is not liable to Capital City for damages for conversion?
 2. Did the trial court err in refusing to enter judgment in favor of Clardy on his counterclaim for monthly royalties due under a lease?
 3. Did the trial court err in failing to enter judgment in favor of Clardy on his counterclaim based on damages to the premises sustained by allegedly improper mining practices of Capital City and alleged waste of the premises by Capital City?
Evidence was presented that Capital City incurred direct material and labor expenses of $77,377.45 in connection with Clardy's preventing Capital City from entering the premises to remove its equipment, machinery, and material. *Page 352 
This evidence was objected to and the trial judge admitted it, but reserved ruling on its ultimate admissibility. Nowhere in the judgment does the trial court indicate whether that evidence was considered.
Without objection, evidence was introduced that $15,847.50 was the direct cost to Capital City of the stockpile of merchantable sand which was left by Capital City on the leased premises when the other materials and the machinery and equipment were removed.
The trial court's findings were as follows:
 "Upon considering all of the evidence and testimony, and other matters submitted to the Court, the Court is of the opinion that Plaintiff Capital City Asphalt Company, Inc., is entitled to recover damages from Defendant L.L. Clardy in the sum of $15,847.50 Dollars."
Distinguished counsel for Capital City and Clardy assumed that the award of $15,847.50 was for the conversion of the stockpile of sand.
The appellee contends that the ore tenus rule applies. The appellant contends that this rule is not applicable, because, he argues, the trial court misapplied the law to uncontroverted facts which establish as a matter of law that the appellant is not liable to the appellee for damages for conversion.
There was a stockpile of 31,695 tons of concrete sand, which was the property of Capital City, on the leased premises, which were under the control and possession of Clardy. This sand was removed. The evidence was in direct conflict as to whether it was removed by Capital City. Clardy and his son were in the business of selling sand at retail. There was no evidence that this sand was removed by Clardy or under his direction.
The trial court obviously determined that the sand was not removed by Capital City.
A conversion is said to consist "`either in the appropriation of the thing to the party's own use and beneficial enjoyment, or its destruction, or in exercising of dominion over it, in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff, under a claim of title inconsistent with his own.'" Geneva Gin Storage Co. v.Rawls, 240 Ala. 320, 322, 199 So. 734, 735 (1940), (quotingConner Johnson v. Allen Reynolds, 33 Ala. 515, 517 (1859));Greer v. Carl Johnson Motor Co., 269 Ala. 617, 114 So.2d 907
(1959); Jones v. Americar, Inc., 283 Ala. 638, 219 So.2d 893
(1969).
The bare possession of property without some wrongful act in the acquisition of possession, or its detention, and without illegal assumption of ownership or illegal user or misuser, is not conversion. Bolling v. Kirby, 90 Ala. 215, 7 So. 914, 24 Am.St.Rep. 789 (1890).
Considering all the evidence most favorably to Capital City, it at most shows that Capital City left sand on land formerly leased by it from Clardy and that the sand was removed by someone. There is not a scintilla of evidence that Clardy converted this sand, and the judgment against Clardy for $15,847.50 must be reversed.
The other two issues involved questions of fact. Since this case was heard nonjury by the trial judge and decided by him as factfinder, the ore tenus rule applies. There is thus a presumption of correctness in the trial judge's findings and his judgment based on those findings should not be disturbed unless palpably wrong, without supporting evidence, or manifestly unjust. Skinner v. Florence, 439 So.2d 118 (Ala. 1983); Chaffin v. Hall, 439 So.2d 67 (Ala. 1983); Hines v.Heisler, 439 So.2d 4 (Ala. 1983); General Electric Credit Corp.v. Strickland Division of Rebel Co., 437 So.2d 1240 (Ala. 1983); Mills v. Bose, 435 So.2d 1264 (Ala. 1983); Johnson v.Brewington, 435 So.2d 64 (Ala. 1983); Waste Disposal, Inc. v.Stewart, 432 So.2d 1255 (Ala. 1983). In this case, in addition to having his notes and his recollections of credibility and demeanor, the trial judge was provided with a full transcript of the trial testimony and extensive briefs by both sides. The Court cannot say that the trial *Page 353 
judge's decision was palpably wrong, without supporting evidence, or manifestly unjust insofar as the other two issues are concerned, and the ruling of the trial court on these two issues is affirmed.
This case is due to be reversed and remanded on the first issue presented and affirmed on the remaining two issues.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.