RICHARD L. HOLMES,
Retired Appehate Judge.
Dewey H. Brazelton filed a complaint, alleging that Jerry Swinea and Environmental Systems, Inc. (corporation), had breached the lease between the parties by failing to make the monthly rental payments due under the terms of the lease. Brazelton requested *319 judgment in the amount of $75,000, plus costs.
The corporation filed a suggestion of bankruptcy, and the trial court dismissed the action without prejudice as to the corporation.
Swinea filed an answer and a counterclaim. In his counterclaim Swinea contends that because Brazelton changed the locks on the leased premises and refused admittance to Swinea, Brazelton had intentionally interfered with the operation of the corporation, as well as the personal affairs of Swinea. Swinea claims that he was damaged by this interference on Brazelton’s part.
A non-jury trial was held. After the trial the trial court issued an order, wherein it found in favor of Brazelton on the original complaint and awarded $82,400 in past-due rent. In addition, the trial court found in favor of Swinea on the counterclaim and awarded $18,000 for the loss of personal property suffered by Swinea when Brazelton changed the locks on the leased premises and denied admittance to Swinea. Swinea’s post-judgment motion was denied.
Swinea appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Initially, we would note that it is well settled that in a nonjury case, the trial judge is the finder of fact, and a presumption of correctness attaches to his findings and to the judgment based on these findings. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). The resulting judgment will not be disturbed on appeal unless it is manifestly unjust, palpably wrong, or without supporting evidence. Clardy, 477 So.2d 350.
We have reviewed the record on appeal. Suffice it to say that there was conflicting evidence presented in this case. However, it was the responsibility of the trial judge to listen to the evidence presented ore tenus, to resolve the conflicts in this evidence, and to enter a judgment. Johnson v. Johnson, 597 So.2d 699 (Ala.Civ.App.1991).
On appeal Swinea contends that the trial court erred in awarding rent against a non-party to a lease. Our review of the record reveals that it is undisputed that the lease was between the corporation and Bra-zelton. However, Brazelton testified that when he was notified that the corporation had filed bankruptcy, he met with Swinea to discuss the fact that he did not wish to lease to a bankrupt corporation. Brazelton testified that Swinea told him at that time, and on numerous occasions thereafter, that he would personally pay the rent on the building. Swinea denied that he ever told Brazelton that he would personally be liable for the rent.
The trial court heard the conflicting testimony, resolved the conflicts, and entered a judgment against Swinea and in favor of Brazelton. As there was evidence to support the trial court’s judgment, it will not be disturbed on appeal. Clardy, 477 So.2d 350; Johnson, 597 So.2d 699.
In a second issue, Swinea contends that the trial court erred in its assessment of the amount of rent due for the personal use of the warehouse. Our review of the record reveals that there was testimony that all of the property located in the warehouse area was personal property belonging to Swinea. The evidence revealed that the monthly rent for the space was $2,500 and that the total area of leased space was 8,000 square feet, with 6,500 square feet of warehouse space and the remainder office space. Therefore, because there was evidence to support the trial court’s judgment, such will not be disturbed on appeal. Clardy, 477 So.2d 350.
In his final issue, Swinea asserts that the trial court erred in its written order in entering a judgment for conversion instead of entering a judgment for intentional interference with a business relationship. Our review of the record reveals that the evidence offered at trial established a claim for conversion. Consequently, the trial court’s judgment will not be disturbed on appeal. Clardy, 477 So.2d 350.
In view of the above, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions *320 of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.