RICHARD L. HOLMES, Retired Appellate Judge.
The Malkove Company, Inc. (Malkove), filed a two-count complaint against S.N. Shaw, wherein Malkove requested that the trial court enter a judgment in its favor in the amount of $13,296, plus interest. In its complaint Malkove alleged that there existed an agreement between the parties and that it should be compensated for work and labor done and services rendered. Shaw filed an answer, wherein he denied that Malkove was entitled to any compensation.
A non-jury trial was held. Thereafter, the trial court issued an order, wherein it found in favor of Malkove in the amount of $7,206, plus costs.
Shaw appeals.
The dispositive issue is whether the trial court committed reversible error when it found that Malkove was entitled to a broker’s commission on the sublease executed between Shaw and MTC Entertainment Corporation in August 1992.
Initially, we would note that in a non-jury case, the trial judge is the finder of fact and that a presumption of correctness attaches to his findings and to the judgment based on these findings. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). The resulting judgment will not be disturbed on appeal unless it is manifestly unjust, palpably wrong, or without supporting evidence. Clardy, 477 So.2d 350.
We have reviewed the record on appeal. Suffice it to say that there was conflicting evidence presented in this case. However, it was the responsibility of the trial judge to listen to the evidence presented ore tenus, to resolve the conflicts in this evidence, and to enter a judgment. Johnson v. Johnson, 597 So.2d 699 (Ala.Civ.App.1991).
Our review of the record reveals the following pertinent facts: Malkove is engaged in the sale and lease of real property in Mobile County, Alabama. Shaw holds the lease on certain real property located at 400 Bel Air Boulevard in Mobile, Alabama.
Shaw and Malkove entered into a verbal agreement, wherein Shaw promised to pay a six-percent commission to Malkove, payable upon rents collected, if Malkove produced a tenant who was acceptable to Shaw and was willing to sublease the premises.
Prior to the August 1992 sublease, Mal-kove was successful in locating two different tenants, whose rental offers were accepted by Shaw. Shaw executed sublease agreements with these tenants. The two prior sublease agreements granted a broker’s commission equivalent to six percent of the rentals.
After the premises were vacated by the first sublessee, Malkove erected a sign advertising the availability of the property for rent in an effort to procure another suitable tenant who would be acceptable to Shaw.
James Rahaim, a friend of Shaw, toured the property with a representative of Mal-kove and subsequently made a rental offer to Shaw through Malkove. A representative of Malkove testified that it was Malkove’s recommendation that Shaw accept Rahaim’s offer. However, Shaw rejected Rahaim’s rental offer.
At approximately the same time that Mal-kove communicated Rahaim’s rental offer to Shaw, Malkove received a rental offer from another prospective tenant, which it also communicated to Shaw. Shaw accepted this rental offer and entered into a sublease agreement in May 1992. As previously noted, the May 1992 sublease agreement granted a broker’s commission equivalent to six percent of the rentals. When the second sublessee failed to make rental payments, Shaw began eviction proceedings. A representative of Malkove testified that Shaw requested that Malkove locate another tenant.
In July 1992 Rahaim learned that the property was about to become available. *1217 There was conflicting testimony at trial regarding whether Malkove notified Rahaim that the property was about to become available or whether Rahaim learned of the property’s potential availability on his own.
In any event, after he learned that the property might be available, Rahaim sent a written rental offer directly to Shaw, who accepted the offer. A sublease agreement was executed between Shaw and Rahaim’s designee, MTC Entertainment Corporation, in August 1992. The August 1992 sublease agreement does not provide for the payment of a broker’s commission to Malkove.
Malkove contacted Shaw some time after August 1992 to request that Shaw forward its broker’s commission. When Shaw declined to honor Malkove’s request, the present action was filed.
In light of the above, we cannot say that the trial court’s judgment in favor of Malkove was manifestly unjust, palpably wrong, or without supporting evidence. Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.