RICHARD L. HOLMES, Retired Appellate Judge.
Thai Restaurant, Inc. (Thai), filed a complaint, alleging that Dan Viravong had defaulted on a certain lease agreement executed by the parties in February 1993. Thai requested that the trial court award it the full amount of rent due under the terms of the lease agreement, as well as interest, costs, and attorney fees.
Viravong filed an answer, denying the allegations contained in the complaint. The ease was tried without a jury. Thereafter, the trial court found in favor of Thai and awarded damages in the amount of $17,500, plus costs.
Viravong appeals.
Our review of the record reveals the following pertinent facts: Thai entered into a lease with Jamie C. Praytor and H.T. Pray-tor, Jr. (hereinafter referred to as Praytor lease), for certain property located at 5456 Old Shell Road, Mobile, Alabama. Thai’s rental payments on the Praytor lease were originally $1,000 per month and increased to $1,050 per month.
In February 1993 Thai subleased the property located at 5456 Old Shell Road to Vira-vong. Viravong wished to open a restaurant on the premises.
In addition to the property and building located at 5456 Old Shell Road, the lease between Thai and Viravong included certain equipment, which was listed and described on an inventory and equipment list attached to the lease.
The lease provided that the rental payments were to increase each month from February 1993 until the rental payments reached $1,850 per month in September 1993. The lease between Thai and Viravong was to run from February 19, 1993, through February 28,1996.
The Praytor lease ran through February 1994, with a two-year renewal option. In approximately September 1993, Thai notified Praytor that it wished to exercise the two-year renewal option and extend the period of the Praytor lease from March 1994 through March 1996.
In October 1993 Viravong had difficulty making the monthly rental payment and, in fact, still owed approximately $258 for the month of October 1993. In mid-October Vi-ravong notified Thai that he was going to have to close his restaurant. At the end of October 1993, Viravong closed his restaurant and vacated the premises at 5456 Old Shell Road.
Although Thai attempted to locate a new tenant to sublet the property, it remained vacant from November 1993 through March 1994, and Thai remained liable on the Pray-tor lease. A new tenant began occupying the premises in April 1994.
However, the new tenant was not subleasing the property from Thai. The new tenant was leasing the property directly from Pray-tor. When Thai was unable to locate a tenant to sublease the property, it negotiated a deal with Praytor, wherein Praytor agreed to release Thai from the Praytor lease if Thai was able to locate a tenant who was willing to lease directly from Praytor.
For $100 per month Thai leased some of the restaurant equipment, which had been included in the lease with Viravong, to the new tenants occupying 5456 Old Shell Road.
On appeal Viravong contends that the damages awarded by the trial court were *16 excessive. Viravong concedes that he is liable for the rental payments due for November 1993 through March 1994 ($1,850 x 5 = $9,250), plus the $258 balance remaining on the October 1993 rental payment. However, Viravong contends that his deposit of $2,500, which has been retained by Thai, must be subtracted from the $9,508 and that he is liable for only $7,008, which is the amount of unpaid rent, less the deposit, which had accrued as of the time that Thai was released from the Praytor lease.
Viravong contends that when Thai was released from the Praytor lease, Thai no longer had any power or authority to sublease the property to Viravong. Viravong bases this contention on the fact that the lease specifically provided that it was subject to the terms of the Praytor lease and that Thai did not grant or convey any estate or rights to Viravong that were not granted to Thai in the Praytor lease. Viravong also contends that when Thai succeeded in obtaining its release from the Praytor lease, Thai was accepting Viravong’s abandonment of the lease and that such conduct on Thai’s part terminated Viravong’s liability for rent accruing thereafter. See Ryals v. Laney, 338 So.2d 413 (Ala.Civ.App.1976).
As previously noted, the lease between Thai and Viravong was for the property located at 5456 Old Shell Road, which was the subject of the Praytor lease, as well as for certain equipment, which was listed on an attachment to the lease. In fact, the lease between Viravong and Thai contained an option for Viravong to purchase, during the term of the lease, this equipment from Thai for $60,000.
The lease between Thai and Viravong provided the following, in pertinent part:
“8.2 In the event [Viravong] abandon[s] the leased premises, or if [Thai] takes possession of the premises after breach of the terms hereof by [Viravong], [Thai] shall have the privilege of re-entering and taking possession of the premises ... and subletting all or any portion of the same, without notice, applying the proceeds obtained from such subtenant to the account of [Viravong]; said subletting shall not release [Viravong] from liability under the terms of this lease, but [Viravong] shall be held responsible for any difference between the rents obtained from any subtenant and the amount called for in this lease....”
We would note that the question of whether a lessor has accepted an abandonment of the lease by the lessee is a question of fact. Ryals, 338 So.2d 413.
As noted above, this was a non-jury case. The law is clear that in a non-jury case, the trial judge is the finder of fact. In such a case, when the trial court enters a judgment after hearing the testimony and reviewing the evidence, such judgment will be affirmed on appeal if there is credible evidence to support the judgment and if the judgment is not palpably wrong or manifestly unjust. City of Bridgeport v. Citizens Action Committee, 571 So.2d 1089 (Ala.1990), Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985).
In its complaint Thai alleged that “[t]he lease included a sub-lease for the real property, as well as a primary lease for certain personal property, i.e., restaurant equipment.”
There was evidence presented at trial to support Viravong’s contention that Thai accepted Viravong’s abandonment of the sublease. In addition, there was also evidence to support the trial court’s obvious conclusion that Thai had not accepted Viravong’s abandonment of that portion of the lease which pertained to the restaurant equipment.
Stated another way, there was evidence to support the trial court’s conclusion that Thai’s success in obtaining its release from the Praytor lease did not terminate Vira-vong’s liability for the rent due on the restaurant equipment. Consequently, there was evidence to support the trial court’s award of damages, which included an amount for Vira-vong’s continued liability for the rent due on the restaurant equipment, as well as an amount for the unpaid rents which had accrued prior to the cancellation of the Praytor lease.
In view of the above, this court cannot conclude that the trial court’s actions were *17 palpably wrong. The trial court’s judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.