RICHARD L. HOLMES, Retired Appellate Judge.
Mobile Ship Chandlery, Inc. (Mobile Ship), filed a two-count complaint against Jacque W. Pate and Morgan Industries, Inc. (Morgan Industries). Mobile Ship later dismissed the action against Morgan Industries. The first count of the complaint was for money due on account, and the second count of the complaint was for fraud.
Pate filed an answer, denying the allegations and asserting the statute of frauds as a defense. Pate also filed a motion for a summary judgment, supported by his affidavit. Mobile Ship filed the affidavit of Geoffrey McGovern, an officer and employee of Mobile Ship, in opposition to the motion for a summary judgment. The motion for a summary judgment was granted in favor of Pate on the count for money due on account.
The case proceeded to a non-jury trial on the fraud count. The trial court issued an order, finding in favor of Mobile Ship and awarding damages in the amount of $6,478.36.
Pate filed a motion for a new trial, which was denied.
Pate appeals.
The dispositive issue is whether the trial court committed reversible error when it found in favor of Mobile Ship on the fraud count.
Initially, we would note that in a non-jury case, the trial judge is the finder of fact and that a presumption of correctness attaches to his findings and to the judgment based on those findings. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). The resulting judgment will not be disturbed on appeal unless it is manifestly unjust, palpably wrong, or without supporting evidence. Clardy, 477 So.2d 350.
We have reviewed the record on appeal. Suffice it to say that there was conflicting evidence presented in this case. However, it was the responsibility of the trial judge to listen to the evidence presented ore tenus, to resolve the conflicts in this evidence, and to enter a judgment. Johnson v. Johnson, 597 So.2d 699 (Ala.Civ.App.1991).
Our review of the record reveals the following pertinent facts: McGovern and Pate were the only two witnesses who testified at trial. McGovern testified that Pate contacted him in-February 1992 and that during the course of their conversation, Pate said that he had become a partner in Morgan Industries, an imporVexport company that was importing hardwood from South America. McGovern also testified that Pate stated that Morgan Industries was interested in purchasing some slings to be used on the logs that it was importing. McGovern further testified that Pate was the individual who placed the order for 200 slings with Mobile Ship on behalf of Morgan Industries.
McGovern indicated that he took the order from Morgan Industries because he had done business with Pate in the past and because Pate said that he would make sure that Mobile Ship was paid for the slings.
Pate testified that he had never been a partner in Morgan Industries and that he had never told McGovern that he was a partner in Morgan Industries. Pate also testified that he had contacted McGovern only to inquire as to whether a certain price for the slings was reasonable and that he neither placed the order for the slings with Mobile Ship nor guaranteed that Mobile Ship would be paid.
The invoice for the slings totalled $5,550.00, and shipping charges totalled $928.36. McGovern testified that Mobile Ship has never received payment.
In light of the above, we do not find that the trial court committed reversible error when it found in favor of Mobile Ship in the amount of $6,478.36.
While the above is dispositive of the appeal, we would note that Pate also contends that the trial court abused its discretion when it questioned him during his testimony. Our supreme court has previously *600 stated in Rice v. Hill, 278 Ala. 342, 343, 178 So.2d 168, 169 (1965):
“The trial judge has the right to propound such questions to witnesses as may be necessary to elicit certain facts, and it not only is the court’s prerogative to so act, but its duty, if the court deems it necessary to elicit proper evidence bearing on the issues.”
(Citations omitted.)
We have reviewed the record, and we find that the trial court neither asked improper questions nor abused its discretion.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.