RICHARD L. HOLMES, Retired Appellate Judge.
Ronald D. Bush and numerous other property owners (plaintiffs) in the Woodfield Subdivision (subdivision) filed a complaint against Terry Echols and Denmon Hood, seeking a declaratory judgment and injunc-tive relief. The plaintiffs also named other defendants in their complaint. We would note, however, that those defendants are not germane to this appeal.
*332 Our review of the record reveals the following pertinent facts: There are a total of seventy-three lots in the subdivision. Sixty-two of the lots have from time to time been made subject to a restrictive covenant (restriction), which limits the use of the lots to single family residences. At the time of this lawsuit, eleven of the lots were not subject to the restriction. Twenty-eight of the seventy-three lots are currently occupied by single family residences.
There is an automobile repair garage on one of the lots. One of the lots is occupied by a mobile home. There is also evidence indicating that there used to be a cabinet shop operation on one of the lots. Only a portion of the streets in the subdivision have been opened and improved. No new single family residences have been constructed in the subdivision in recent years.
Echols is the owner of Lot 2 and Lot 15 in the subdivision. Lot 15 is subject to the restriction, but Lot 2 is not. Echols obtained a building permit from the Town of Rainbow City to construct an eight-unit apartment building on each of his lots.
Hood is the owner of Lot 7 in the subdivision, which is also subject to the restriction. Hood obtained a building permit from the Town of Rainbow City to construct a wash-eteria on Lot 7.
The plaintiffs filed a petition, wherein they sought to have the court (1) determine that Lot 2 was subject to the same restriction as Lot 7 and Lot 15, (2) enforce the restriction already existing on Lot 7 and Lot 15, and (3) enjoin both Echols and Hood from building the proposed commercial structures on their respective lots.
On January 25, 1996, the trial court, after an ore tenus hearing, issued a final judgment, wherein it (1) declined to impose any restrictions on Lot 2, which is owned by Echols; (2) declined to enjoin Hood from building a washeteria on Lot 7; and (3) enjoined Echols from building an apartment building on Lot 15. The plaintiffs filed a post-judgment motion, seeking a new trial or, in the alternative, to have the judgment amended. The trial court denied their motion.
The plaintiffs appeal. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The only issue on appeal is whether the judgment of the trial court was supported by the evidence.
Initially, we would note that in a non-jury case, the trial judge is the finder of fact and that a presumption of correctness attaches to his findings and to the judgment based on those findings. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). The resulting judgment will not be disturbed on appeal unless it is manifestly unjust, palpably wrong, or without supporting evidence. Id. at 350.
Furthermore, our supreme court has stated that “restrictive covenants are not favored in the law and will therefore be strictly construed by [the] Court. All doubts must be resolved against the restriction and in favor of free and unrestricted use of the property.” Lange v. Scofield, 567 So.2d 1299, 1301 (Ala.1990).
In regard to Lot 2, the plaintiffs contend that although Lot 2 was not subject to any restrictions, it should be because, they say, it is part of the common plan or scheme of development within the subdivision. However, the trial court, in relying on Lange, stated the following:
“While the Court has acknowledged ... that there are within the subdivision a number of well-maintained single family homes, less than forty percent of the lots have been utilized for single family construction and there is no evidence of any proposed construction of any new single family home. It is undisputed that one of the ‘restricted lots’ within the subdivision has been for many years used as a commercial automobile repair garage. The Court therefore cannot conclude any legal basis to judicially impose restrictions upon Echols’ use of Lot 2.”
In regard to Lot 7, the plaintiffs contend that the trial court should have enforced the restriction on Lot 7 because, they say, the hardship that they will endure greatly out *333 weighs the burden placed on Hood of having to build his washeteria elsewhere.
In determining that the restriction on Lot 7 should not be enforced, the trial court applied “the relative hardship test.” According to that test, “a covenant will not be enforced if to do so would harm one landowner without substantially benefiting another landowner.” Lange, 567 So.2d at 1302.
The trial court appropriately outlined the following facts in regard to Lot 7:
‘"Woodfield Subdivision is bounded on the west by Sutton Bridge Road. Sutton Bridge Road has during recent years developed into a main commercial artery in the Town of Rainbow City. A number of lots located within Woodfield Subdivision front on Sutton Bridge Road. A commercial garage operation has been conducted for many years on one of the restricted Woodfield lots fronting on Sutton Bridge Road. The evidence indicates that immediately across from the Woodfield Subdivision lots fronting on Sutton Bridge Road are a number of businesses and manufacturing operations, including two auto parts stores, a bowling alley, a paint store, a bow manufacturing company, a mini-warehouse business, a green house and nursery operation, and a large apartment complex. All of the lots located within Woodfield Subdivision have been zoned by the Town of Rainbow City within the classification known as highway commercial.”
In light of these facts, the trial court, in applying the “relative hardship test,” concluded that “enforcement of the restrictions against Hood’s proposed use of Lot 7 would result in great hardship and be grossly inequitable.” The trial court reiterated that Sutton Bridge Road is a commercial artery and “is not generally desirable or suitable for the construction of new single family residences.” The trial court further noted that there had been a substantial change in the character of the property comprising the subdivision.
We would note that the trial court did enforce the restriction on Lot 15, which is situated on Sixth Street. The trial court stated that the plaintiffs residing on Sixth Street “have continued to maintain their single family homes and have an interest in maintaining a lower density occupancy resulting from single family dwellings.”
In reviewing the record with the attendant presumptions accorded the trial court, we find that there was ample evidence to support the trial court’s findings. Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.