MONROE, Judge.
The defendants, Mary Catherine Connolly Wells McNeal, Terry Eugene Shirley, and the Shirley/McNeal Partnership (hereinafter collectively referred to as “McNeal and Shirley”), appeal from a judgment entered in favor of Kennedy Brothers Contracting, Inc., d/b/a Don Kennedy and Sons House Moving Company (“Kennedy and Sons”) and against McNeal and Shirley. This case was deflected to this Court by the Alabama Supreme Court, pursuant to § 12-2-7(6), Ala.Code 1975.
McNeal and Shirley were engaged in a partnership for the development of residential rental property. Kennedy and Sons is a business licensed to move houses. In February and March 1995, Kennedy and Sons executed three contracts with Mr. Shirley to move three houses and to place these houses on new foundations constructed by Kennedy and Sons.
Two of these houses were moved (to 1000 Russell Street and 1004 Russell Street in Huntsville) and placed on the new foundations. Although the third house was moved to its new location at 1111 Rison Avenue in Huntsville, it has not been placed on a foundation and Kennedy and Sons’ moving equipment remains under this house.
Under the terms of the contract for the 1111 Rison property, Mr. Shirley was responsible for “installing] stakes on [the] new lot to locate house positioning.” He placed stakes on the lot and Kennedy and Sons located the house on the lot and dug the footings in accordance with the stakes placed by Mr. Shirley. Thereafter, Kennedy and Sons contacted the City of Huntsville Inspection Department to obtain the necessary inspection of the footings before pouring the foundation. The inspection disclosed that the footings extended onto the adjoining property. Thus, the Rison property did not pass inspection. Kennedy and Sons advised Mr. Shirley that its work would cost an additional $5,000 because the house would have to be moved again and new footings would have to be dug. This amount was in addition to the $5,425 that was to be paid to Kennedy and Sons “when [the] house is set down.”
Rather than placing new stakes to indicate where the house was to be situated, Mr. Shirley told Kennedy and Sons that he was involved in a dispute with Ms. McNeal and did not have the funds to pay for moving the house again. The dispute between McNeal and Shirley resulted in a lawsuit. In July and August 1995, Ms. McNeal and Kennedy and Sons attempted to resolve the dispute, but it was not resolved. Thereafter, neither McNeal nor Shirley provided any direction to Kennedy and Sons regarding where the house was to be located on the Rison property. Kennedy and Sons’ moving equipment remained under the house because the City of Huntsville would not approve the location of the house as originally placed and the City of Huntsville would not allow Kennedy and Sons to set down the house unless it was placed on a properly located and constructed foundation.
*482 In January 1998, Kennedy and Sons sued McNeal and Shirley, alleging breach of contract and unjust enrichment. Kennedy and Sons requested a judgment against McNeal and Shirley “for compensatory damages including, but not limited to, the cost of completion of the contract, compensation for the loss of the use of the equipment during the time the house has been located on such, attorney fees, as provided in the contract, and interest due from the date of the breach.”
Ms. McNeal filed an answer and a counterclaim, alleging breach of contract and negligence regarding the 1111 Rison property. Mr. Shirley filed an answer and a counterclaim, alleging breach of contract, negligence, and false representations regarding the 1000 Russell property, the 1004 Russell property, and the 1111 Rison property. Kennedy and Sons answered the counterclaim, contending that the claims stated in it were barred by the statute of limitations.
The matter proceeded to trial. At the conclusion of the evidence, Kennedy and Sons moved for a judgment as a matter of law on some of Ms. McNeal and Mr. Shirley’s claims stated in their counterclaims, specifically the fraud and negligence claims. After hearing arguments, the trial court dismissed Ms. McNeal and Mr. Shirley’s fraud and negligence claims as barred by the statute of limitations.
Thereafter, the trial court entered a judgment in favor of Kennedy and Sons and against McNeal and Shirley. The trial court’s order stated:
“Damages are awarded to [Kennedy and Sons] in the amount of $38,500.00 together with interest of $3,561.72 and attorney fees and costs of $6,678.00, for a total award to [Kennedy and Sons] of $48,739.72.
“2) [McNeal and Shirley] have fifteen (15) days from the entry of this order to pay into the clerk’s office the additional sum of $5,000 for moving and placing the house at 1111 Rison on a foundation as per the parties’ original contract. Within that same period, [McNeal and Shirley] are to place two (2) stakes to locate the house on the property.
“3) If, at the end of the fifteen (15) day period, [McNeal and Shirley] have not paid the monies into the clerk’s office and placed the stakes to locate the house on the property, the court will enter an additional order awarding [Kennedy and Sons] the sum of $5,000 for the cost of its equipment.
“4) With regard to the counterclaims asserted by [McNeal and Shirley] against [Kennedy and Sons], judgment is hereby entered in favor of [Kennedy and Sons].”
McNeal and Shirley moved for a new trial, or in the alternative, to alter, amend, or vacate the judgment. These motions were denied. McNeal and Shirley appeal.
Initially, we note that in a nonju-ry case the trial judge is the finder of fact and that a presumption of correctness attaches to his findings of fact and to a judgment based on those findings. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). The judgment will not be disturbed on appeal unless it is manifestly unjust, palpably wrong, or without supporting evidence. Clardy, 477 So.2d 350.
In their brief on appeal, McNeal and Shirley argue the following:
“The pleadings and proof offered by [Kennedy and Sons] are inconsistent. A party cannot have a double recovery! To allow recovery of damages for unlawful detention of the equipment and to enforce the contract plus award additional damages for breach of contract are inconsistent legal theories.”
McNeal and Shirley also argue, “The trial court could award money damages for breach of this contract or it could have awarded possession of the equipment with damages for its unlawful detention or alternatively the value of the equipment— but not both.” McNeal and Shirley also argue that this case is really a detinue *483 action and that Kennedy and 'Sons is not entitled to attorney fees or to interest.
However, we do not agree that there was double recovery in this case or that this case is really a detinue action. Kennedy and Sons contended that McNeal and Shirley breached the contract when they failed to “install stakes on [the] new lot to locate house positioning” (as required by the contract) and that McNeal and Shirley’s breach of the contract caused Kennedy and Sons’ moving equipment to remain under the house at 1111 Rison for 189 weeks. The trial court determined that McNeal and Shirley had breached the contract, and it awarded damages accordingly. The evidence supported the trial court’s determination and its award of damages.
The trial court’s award of $38,500 is based upon the $5,425 balance due at the completion of the contract (which Kennedy and Sons could not complete because of McNeal and Shirley’s failure to place the stakes on the property) plus $83,075 for the rental of the moving equipment ($175 per week for 189 weeks). The trial court also awarded attorney fees and interest as provided in the parties’ contract.
A representative of Kennedy and Sons testified that he told Shirley that there would be an additional $5,000 charge to move the house to its proper placement on 1111 Rison because this move would require Kennedy and Sons to bring in a jack to move the house to its proper position on the lot and to construct new footings. A representative of Kennedy and Sons also testified that the value of the moving equipment under the house was between $5,000 and $6,000.
In light of the foregoing, that portion of the trial court’s judgment dealing with Kennedy and Sons’ claim alleging breach of contract and awarding damages is due to be affirmed.
However, we must reverse that portion of the trial court’s judgment in favor of Kennedy and Sons on the counterclaims asserted by Ms. McNeal and Mr. Shirley because the evidence showed that Kennedy and Sons had not completed its contractual obligations for 1000 Russell and 1004 Russell and, thus, Ms. McNeal and Mr. Shirley were entitled to a judgment on the breach-of-contract counterclaims.
In their counterclaims, Ms. McNeal and Mr. Shirley contended that Kennedy and Sons had “breached the contract by failing to perform all of his contractual obligations under the contract.” At trial, the representative for Kennedy and Sons admitted that the houses located at 1000 Russell and 1004 Russell had not been “tied down” and that these houses violate the city building code because the houses are not properly anchored to the foundations. The Kennedy and Sons representative testified that the plan had been to “tie down” or anchor all three houses to their foundations at the same time and that this was overlooked when the delay arose at the Rison property.
In their counterclaims Ms. McNeal and Mr. Shirley also contended that Kennedy and Sons negligently performed the work under the contracts. Mr. Shirley also contended that Kennedy and Sons had falsely represented that the “contracts would be performed in a timely and capable manner and for the contractual price” and that Kennedy and Sons knew that these representations were false at the time of making such representations.
At trial, Kennedy and Sons contended that the statute of limitations had expired on the negligence and fraud claims. The trial court agreed and dismissed these claims. However, these claims are compulsory counterclaims because the claims “grew out of and [were] a part of the transaction sued on by” Kennedy and Sons and, thus, these claims cannot be defeated by the statute of limitations. Campbell v. Regal Typewriter Co., Inc., 341 So.2d 120, 127 (Ala.1976). See also Romar Development Co., Inc. v. Gulf View Management Corp., 644 So.2d 462 (Ala.1994); and Snow v. Baldwin, 491 So.2d 900 (Ala.1986) (wherein our supreme court stated, “Be *484 cause Snow’s claim arose from the same transaction or occurrence which is the subject matter of the Baldwins’ claim, Snow’s counterclaim is not barred by the one-year statute of limitations.” Snow, 491 So.2d at 904; (emphasis added).) Consequently, the trial court erred when it dismissed the negligence and fraud claims asserted by McNeal and Shirley and this portion of the judgment is reversed and remanded for proceedings consistent with this opinion.
The judgment of the trial court is affirmed in part and reversed in part, and the case is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES and CRAWLEY, JJ„ concur.
ROBERTSON, P.J., and THOMPSON, J., concur in the result.